# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 26, 2009

Charles R. Fulbruge III
Clerk

No. 08-40708

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSCAR RODRIGUEZ-PARRA,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

Before HIGGINBOTHAM, SMITH, and SOUTHWICK, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Oscar Rodriguez-Parra pleaded guilty of illegally reentering the United States. He appeals his sentence, and we affirm.

I.

Rodriguez-Parra, a Mexican citizen, was convicted in Texas in 1994 of de-

livery of marihuana and was sentenced to five years' imprisonment, but the sentence was suspended with five years' probation. Rodriguez-Parra did not serve any of his sentence in jail. He was later deported.

Rodriguez-Parra re-entered the United States without the consent of the Attorney General or Secretary of Homeland Security. In 2007, customs agents found him in a Texas county jail. He pleaded guilty of being in the United States following deportation subsequent to conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2).

Using the 2007 edition of the sentencing guidelines, the presentence report ("PSR") began with a base offense level of 8 under U.S.S.G. § 2L1.2(a). It imposed a twelve-level increase under § 2L1.2(b)(1)(B)[1] because of Rodriguez-Parra's previous felony conviction. The offense level was reduced by three for acceptance of responsibility, for a net offense level of 17. That, combined with Rodriguez-Parra's criminal history category, resulted in a guideline range of 46 to 57 months' imprisonment.[2] The court sentenced Rodriguez-Parra to 46 months in prison and a three-year term of supervised release.

## II.

Rodriguez-Parra claims that the twelve-level enhancement is reversible error. He objects that his earlier conviction cannot be used to enhance the sentence, because the sentence was entirely suspended.

Because Rodriguez-Parra raises this argument for the first time on appeal,

---

[1] "If the defendant previously was deported, or unlawfully remained in the United States after . . . (B) a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less, increase by 12 levels."

[2] Rodriguez-Parra filed a response to the PSR, objecting to the twelve-level enhancement under the theory that his prior conviction was not a drug trafficking offense, because "delivery" under Texas law includes offers to sell. The court overruled that objection, and Rodriguez-Parra does not object to that ruling on appeal.

we review for plain error. "To establish plain error, [the defendant] is required to show that (1) there was error, (2) the error was plain, (3) the error affected his substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *United States v. Redd*, 562 F.3d 309, 314 (5th Cir. 2009) (internal quotation marks and citation omitted).

## A.

We must first decide whether there was error. The court enhanced under § 2L1.2(b)(1)(B), which increases a sentence by twelve levels "[i]f the defendant previously was deported, or unlawfully remained in the United States, after . . . a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less." Because the sentence was entirely suspended in favor of probation, we must determine whether it is a "sentence imposed" for purposes of § 2L1.2.

Section 2L1.2's application notes answer that question.[3] "'Sentence imposed' has the meaning given the term 'sentence of imprisonment' in Application Note 2 and subsection (b) of § 4A1.2." U.S.S.G. § 2L1.2 Application Note 1(B)(vii). Section § 4A1.2 states,

> (1) The term 'sentence of imprisonment' means a sentence of incarceration and refers to the maximum sentence imposed.

> (2) If a part of a sentence of imprisonment was suspended, 'sentence of imprisonment' refers only to the portion that was not suspended.

Under subsection (2), therefore, the suspended portion of a sentence is not part of a "sentence of imprisonment." Thus, if all of Rodriguez-Parra's sentence was suspended, there is no remaining portion of the sentence that could refer to

---

[3] Application notes are given controlling weight so long as they are not plainly erroneous or inconsistent with the guidelines. *See United States v. Urias-Escobar*, 281 F.3d 165, 167 (5th Cir. 2002).

"sentence of imprisonment." Application note two confirms this: "To qualify as a sentence of imprisonment, the *defendant must have actually served a period of imprisonment* on such sentence." U.S.S.G. § 4A1.2 Application Note 2 (emphasis added).

There is caselaw that supports this conclusion. In *United States v. Brown*, 54 F.3d 234, 240 (5th Cir. 1995), we examined what constituted a "sentence of imprisonment" under § 4A1.2. That term "require[s] that . . . some time actually be served on the sentence." *Id.* The only other court of appeals to examine this issue after the 2003 guideline amendments reached the same conclusion.[4] Because all of Rodriguez-Parra's sentence was suspended, his prior sentence did not meet the requirements for "sentence imposed" under the guidelines, so there was error under the first prong of the plain-error rubric.[5]

B.

We must therefore decide whether the sentencing error was plain. *See Redd*, 562 F.3d at 314. There is no plain error if the legal landscape at the time showed the issue was disputed, even if, as here, the district court turns out to have been wrong. *United States v. Ellis*, 564 F.3d 370, 377 (5th Cir. 2009).

Here the path to resolving the issue is at least somewhat complicated. The commentary to § 2L1.2 directed the reader to § 4A1.2 and application note 2, which stated that "the defendant must have *actually served a period of imprisonment.*" U.S.S.G. § 4A1.2 Application Note 2. In *Brown*, 54 F.3d at 240, we had indicated that for the enhancement to apply, the defendant must have actually served time in prison. In addition, *Alvarez-Hernandez*, 478 F.3d at 1066,

---

[4] *See United States v. Alvarez-Hernandez*, 478 F.3d 1060, 1064-66 (9th Cir. 2006).

[5] The government does not argue that the enhancement was correct but instead dedicates its brief to contending the error is not plain.

stated that the § 2L1.2(b)(1)(B) enhancement should not be applied.

The government, however, presents several arguments for why the error is not plain. First, it points out that no panel of this court has found that "sentence imposed" under § 2L1.2(b)(1)(B) requires that time be served in prison. We need not address that reason, because the government points, more convincingly, to *Garcia-Rodriguez*, 415 F.3d at 454, in which we examined whether a court committed plain error when it enhanced a sentence under § 2L1.2.

In *Garcia-Rodriguez*, the defendant had been convicted in California on a drug offense and sentenced to three years' probation. *Id.* The district court used the earlier conviction to enhance, despite the fact that the defendant had not been imprisoned as a result of the earlier conviction. *Id.* Focusing on the same "sentence imposed" language from § 2L1.2 that we are currently reviewing, we held that the enhancement was not plain error. *Id.* at 456.

Rodriguez-Parra distinguishes *Garcia-Rodriguez* on the ground that there we relied on *United States v. Mullings*, 330 F.3d 123 (2d Cir. 2003), and *United States v. Hernandez-Valdovinos*, 352 F.3d 1243 (9th Cir. 2003), which were decided under the pre-2003 sentencing guidelines. Those guidelines defined "sentence imposed" as follows: "If all or any part of a sentence of imprisonment was probated, suspended, deferred, or stayed, 'sentence imposed' refers only to the portion that was not probated, suspended, deferred, or stayed." U.S.S.G. § 2L1.2 comment. n.1(A)(iv) (Nov. 2002).

That definition was deleted from the 2003 and 2007 guidelines, the latter of which applies to Rodriguez-Parra. Now, a sentence of imprisonment is defined as "a sentence of incarceration and refers to the maximum sentence imposed." § 4A1.2(b)(1). Under § 4A1.2(b)(2), "if a part of a sentence of imprisonment was suspended, 'sentence of imprisonment' refers only to the portion that was not suspended."

The difficulty in Rodriguez-Parra's argument for plain error is that in *Gar-*

*cia-Rodriguez*, 415 F.3d at 455, this court acknowledged the existence of the 2003 amendments but held, nonetheless, that (relying also on *Mullings* and *Hernandez-Valdovinos*) the lack of Fifth Circuit controlling authority on the issue meant that there was not plain error. *Id.* at 456. The presence of *Garcia-Rodriguez* as binding precedent means, therefore, that the resolution of Rodriguez-Parra's sentencing issue is less than obvious. There have been no changes in this court's interpretation of § 2L1.2(b)(1)(B) since *Garcia-Rodriguez*, and the applicable guideline has not changed since 2003.[6]

We conclude, as stated above, that there was error. That result is reached, however, only by a careful parsing of all the relevant authorities, including the sentencing guidelines and applicable decisions. "[T]o satisfy the second prong of plain error inquiry, 'the legal error must be clear or obvious, rather than subject to reasonable [dispute].'" *Ellis*, 564 F.3d at 377-78 (quoting *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009)). Here the result is reached only by traversing a somewhat tortuous path. That path, moreover, would have been more straight and level had Rodriguez-Parra made his objection in the district court, thus allowing each side to present its arguments on the question now at hand. This is the very point of the plain-error standard––it "serves powerful institutional interests, including securing the role of the United States District Court as the court of first instance." *Id.* at 378.

For these reasons, Rodriguez-Parra's claim of plain error fails at the second prong, so we do not examine the remaining prongs. The judgment of sentence is AFFIRMED.

---

[6] In *United States v. Camarillo-de la Cruz*, 174 Fed. App'x 244, 245 (5th Cir. 2006) (per curiam), this court, on plain-error review, held that *Garcia-Rodriguez* remained the controlling authority on the application of "sentence imposed" under § 2L1.2(b)(1)(B).