## IN THE UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 19, 2011

Lyle W. Cayce
Clerk

No. 11-40238
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JEFFERY JERMAINE HILL,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 5:10-CR-2022-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges
PER CURIAM:[*]

Jeffery Jermaine Hill appeals his convictions for transporting an undocumented alien for purpose of commercial advantage or private financial gain and conspiracy to transport an undocumented alien for purpose of commercial advantage or private financial gain, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), (a)(1)(B)(i), (a)(1)(A)(v)(i). He asserts that the jury instructions on both counts were flawed because they omitted the financial gain element of the offenses. Hill also asserts that the jury instruction for the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

transportation charge improperly contained an instruction on aiding and abetting and that it is unclear whether he was convicted as a principal or as an aider and abettor.  Finally, Hill argues that because the jury instructions were flawed, the verdict forms were likewise flawed.  Because Hill did not object on these bases in the district court, we review these arguments for plain error.  *See United States v. Daniels*, 281 F.3d 168, 183 (5th Cir. 2002).

Hill is correct that the jury instruction on the alien transportation charge failed to include the financial gain element, and we will assume that he has established clear or obvious error in that regard.  *See United States v. Williams*, 985 F.2d 749, 755 (5th Cir. 1993); *see also United States v. Rodriguez-Parra*, 581 F.3d 227, 231 (5th Cir. 2009).  However, because the Government presented at trial overwhelming and uncontroverted evidence that Hill transported an alien for financial gain, he has not established that any error affected his substantial rights, i.e., that the error affected the outcome of the district court proceedings. *See United States v. Marcus,* 130 S. Ct. 2159, 2164 (2010); *see also Neder v. United States*, 527 U.S. 1, 9 (1999).  For example, Hill's codefendant testified that they agreed to transport aliens so that they could make money to start their own trucking company and that two aliens gave him a total of $3000, which he gave to Hill. One of the transported aliens testified that she gave the codefendant an unknown amount of money as payment for the transportation of three aliens.  Additionally, because the evidence on the financial gain element was overwhelming, Hill has also failed to establish that the error seriously affected the fairness, integrity, or public reputation of judicial proceedings.  *See United States v. Johnson*, 520 U.S. 461, 470 (1997).

The district court's failure to instruct the jury on the financial gain element with respect to the aiding and abetting theory was not error, plain or otherwise, as it is not an element of aiding and abetting.  *See United States v. Nolasco-Rosas*, 286 F.3d 762, 766 (5th Cir. 2002).  Additionally, it is clear from the record that Hill was convicted as a principal because the evidence on that

No. 11-40238

element was overwhelming. *See United States v. Partida*, 385 F.3d 546, 559 (5th Cir. 2004). Thus, Hill has not established reversible plain error in connection with the aiding and abetting jury instruction. *See id.*

Hill's argument that the jury instruction on the conspiracy charge was flawed because it omitted the financial gain element is without merit because, although the jury instruction did not include that element, the plain language of the statute does not require that the Government prove that the offense was committed for commercial advantage or private financial gain. *See* § 1324(a)(1)(A)(v)(I); *see also* 1324(a)(1)(B)(i) (stating that the penalty for conspiracy to transport illegal aliens under § 1324(a)(1)(A)(v)(I) is ten years).

Finally, Hill has not established plain error in connection with his argument that because the jury instructions were flawed, the verdict forms were likewise flawed. *See United States v. Ellis*, 564 F.3d 370, 377 (5th Cir. 2009).

AFFIRMED.