# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 6, 2012

No. 11-50376
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JERONIMO FABIAN-CAMINERO, also known as Geronimo Lara-Fabion, also known as Felipe Fabian Caminero,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-165-1

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Following his guilty-plea conviction for illegal reentry, Jeronimo Fabian-Caminero received a sentence of, *inter alia*, 27-months' imprisonment. Fabian contends the district court committed reversible plain error by imposing a 12-level enhancement pursuant to Sentencing Guideline § 2L1.2(b)(1)(B) because the sentence for his prior drug-trafficking conviction was suspended.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50376

Although post-*Booker*, the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guidelines range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 48-51 (2007). As Fabian concedes, because he raises this issue for the first time on appeal, review is only for plain error. *E.g.*, *Puckett v. United States*, 129 S. Ct. 1423, 1428-29 (2009). To show reversible plain error, Fabian must show a clear or obvious error that affects his substantial rights. *Id.* at 1429. If Fabian makes that showing, our court has the discretion to correct the error and generally will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The Guidelines provide that the offense level for unlawfully entering the United States shall be increased by 12 levels if defendant was deported after "a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less". U.S.S.G. § 2L1.2(b)(1)(B). The suspended portion of a sentence does not count as part of that sentence. U.S.S.G. § 4A1.2(b)(2); *United States v. Rodriguez-Parra,* 581 F.3d 227, 229 (5th Cir. 2009). "To qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence". *Rodriguez-Parra*, 581 F.3d at 229 (quoting U.S.S.G. § 4A1.2 cmt. n.2) (emphasis omitted).

The Government contends that, in pre-trial custody, Fabian "actually served" five months of his prison sentence for drug trafficking. Fabian maintains the state court's award of "potential" credit for time served was not applied to his prison sentence because that sentence was suspended entirely in favor of 18-months' probation. The documentation of the sentence submitted with the pre-sentence investigation report is ambiguous. Given that ambiguity, the record is inconclusive for whether the district court committed error. Even if the court did commit error, that error was not clear or obvious. Moreover, the existence of a previously imposed sentence is a question of fact. *E.g.*, *United*

2

*States v. Herrera-Solorzano*, 114 F.3d 48, 50 (5th Cir. 1997) (length of prior sentence for purpose of sentence enhancement a fact issue that must be proved by preponderance of evidence).  "[Q]uestions of fact capable of resolution by the district court can never constitute plain error".  *United States v. Chung*, 261 F.3d 536, 539 (5th Cir. 2001) (citation and internal quotation marks omitted).

AFFIRMED.