**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 16, 2013

Lyle W. Cayce
Clerk

No. 12-41152
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DILER JAVIER TOLEDO-ENAMORADO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:12-CR-286-1

Before DAVIS, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Diler Javier Toledo-Enamorado (Toledo) appeals the 46-month sentence of imprisonment imposed following his guilty plea conviction of being unlawfully present in the United States after deportation. He contends that the district court erred in applying a 12-level enhancement under U.S.S.G. § 2L1.2(b)(1)(B) based on his June 2004 California conviction of possession of cocaine base for sale, for which he was sentenced to a 36-month term of probation with a condition that he serve 45 days in jail. Toledo argues that the prior conviction

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is not "a felony drug trafficking offense for which the sentence imposed was 13 months or less," as required under § 2L1.2(b)(1)(B), because there was not a condition that he serve at least 60 days in jail.

Although Toledo objected to application of the 12-level enhancement, plain error review applies because he is challenging the enhancement on a basis that differs from the objections he raised in the district court. *See United States v. Cabral-Castillo*, 35 F.3d 182, 188-89 (5th Cir. 1994). To demonstrate plain error, Toledo must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

As used in the applicable guideline, the term "'[s]entence imposed' has the meaning given the term 'sentence of imprisonment' in Application Note 2 and subsection (b) of § 4A1.2." § 2L1.2, comment. (n.1(B)(vii)). A state sentence that is entirely probated, with no requirement of incarceration, does not constitute a term of imprisonment, as a defendant must have actually been incarcerated during some part of his sentence. *United States v. Rodriguez-Parra,* 581 F.3d 227, 229-30 (5th Cir. 2009). "[T]he question is whether any time was actually served on [the prior] sentence." *United States v. Brown*, 54 F.3d 234, 240 (5th Cir. 1995).

Toledo's California sentence qualifies as a "sentence of imprisonment" under the definition set forth in Application Note 2 and subsection (b) of § 4A1.2, as he was actually incarcerated during a part of his sentence. *See Rodriguez-Parra*, 581 F.3d at 229-30; *Brown*, 54 F.3d at 240. Toledo has not shown clear or obvious error. *See Puckett*, 556 U.S. at 135.

AFFIRMED.