# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 18-40177
Summary Calendar

—————

United States Court of Appeals
Fifth Circuit

**FILED**

December 7, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CORNELL SIMON,

Defendant - Appellant

—————

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 3:15-CR-24-2

—————

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Cornell Simon pleaded guilty to aiding and abetting bank robbery and aiding and abetting the use and brandishing of a firearm during and in relation to a crime of violence and received a 199-month aggregate sentence. He now insists that the district court erred by applying a four-level enhancement for abduction under the Sentencing Guidelines. *See* U.S.S.G. § 2B3.1(b)(4)(A).

—————————————

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40177

The written plea agreement that Simon entered into with the Government included a waiver of Simon's right to appeal or collaterally attack his convictions or sentence aside from claims of ineffective assistance of counsel.  Simon argues that the appeal waiver is invalid because the district court failed to admonish him about it during his plea colloquy as required by Federal Rule of Criminal Procedure 11(b)(1)(N).  Because Simon "did not specifically object to the district court's plea colloquy as it pertains to Rule 11(b)(1)(N)," we review for plain error.  *United States v. Oliver*, 630 F.3d 397, 411-12 (5th Cir. 2011).

A defendant may waive his statutory right to appeal if the waiver is knowing and voluntary.  *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005).  This court "conduct[s] a two-step inquiry: (1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).

For an appeal waiver to be knowing and voluntary, the "defendant must know that he had a right to appeal his sentence and that he was giving up that right." *United States v. Jacobs*, 635 F.3d 778, 781 (5th Cir. 2011).  Together, the signed plea agreement, addendum, and transcript of the rearraignment hearing support a conclusion that Simon knowingly and voluntarily waived his right to appeal despite the alleged Rule 11 error.  *See McKinney*, 406 F.3d at 746.  Although Simon suggests that this is insufficient to satisfy Rule 11(b)(1)(N), he fails to establish clear or obvious error.  *See United States v. Rodriguez-Parra*, 581 F.3d 227, 230 (5th Cir. 2009).  When viewed in light of the record as a whole, he has not shown an effect on his substantial rights. *Cf. Oliver*, 630 F.3d at 412.

The appeal waiver applies to Simon's challenge to the Guidelines enhancement, so we DISMISS his appeal. *See United States v. Higgins*, 739 F.3d 733, 739 (5th Cir. 2014).