# United States Court of Appeals for the Fifth Circuit

---

No. 22-50365
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

April 25, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Caleb Bryant Hickcox,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CR-361-1

---

Before Jolly, Jones, and Ho, *Circuit Judges*.

Per Curiam:[*]

Caleb Bryant Hickcox pleaded guilty to possession of a firearm after a felony conviction, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court sentenced him to 63 months of imprisonment and three years of supervised release.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50365

Hickcox argues that his § 922(g)(1) conviction is unconstitutional under the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022). Because Hickcox did not challenge the constitutionality of § 922(g)(1) before the district court, we review only for plain error. *See United States v. Knowles*, 29 F.3d 947, 950 (5th Cir. 1994). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). An error is not clear or obvious where an issue is disputed or unresolved, or where there is an absence of controlling authority. *United States v. Rodriguez-Parra*, 581 F.3d 227, 230-31 (5th Cir. 2009). "Even where the argument requires only extending authoritative precedent, the failure of the district court [to do so] cannot be plain error." *Wallace v. Mississippi*, 43 F.4th 482, 500 (5th Cir. 2022) (internal quotation marks and citation omitted). Because there is no binding precedent explicitly holding that § 922(g)(1) is unconstitutional and because it is not clear that *Bruen* dictates such a result, Hickcox is unable to demonstrate an error that is clear or obvious. *See Rodriguez-Parra*, 581 F.3d at 230-31.

Hickcox also seeks to preserve the argument that § 922(g)(1) is unconstitutional because it exceeds Congress's power under the Commerce Clause. As he concedes, this argument is foreclosed. *See United States v. De Leon*, 170 F.3d 494, 499 (5th Cir. 1999); *United States v. Perryman*, 965 F.3d 424, 426 (5th Cir. 2020).

Finally, Hickcox argues that his 63-month sentence is substantively unreasonable. Our review is for abuse of discretion. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766 (2020); *Gall v. United States*, 552 U.S. 38, 46-47, 49-51 (2007). Hickcox has not shown that the district court did not account for a factor that should have received significant weight, gave significant weight to an improper factor, or made a clear error in balancing the sentencing factors. *See United States v. Warren*, 720 F.3d 321, 332 (5th

No. 22-50365

Cir. 2013). The district court reviewed and adopted the presentence report, considered Hickcox's mitigating arguments, and determined that an above-guidelines sentence was appropriate because of the nature and circumstances of his offense. His argument that the district court should have weighed the sentencing factors differently "is not a sufficient ground for reversal." *United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016); *see also United States v. Hernandez*, 876 F.3d 161, 167 (5th Cir. 2017).

AFFIRMED.