# United States Court of Appeals for the Fifth Circuit

_____

No. 22-11006
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
May 2, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Antonio Deshun Pickett,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CR-435-1

_____

Before Barksdale, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:[*]

Antonio Deshun Pickett pleaded guilty to possession of a firearm after a felony conviction, in violation of 18 U.S.C. §§ 922(g)(1) and former 924(a)(2) (recodified as amended at 18 U.S.C. § 924(a)(8)). The district court sentenced him to 33-months' imprisonment and three-years' supervised release.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Pickett claims § 922(g)(1) violates the Second Amendment.  He did raise a constitutional challenge to § 922(g) in district court; but, that challenge was based on the Commerce Clause, not the Second Amendment. Therefore, because Pickett did not raise the latter issue in district court (as he concedes), review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).  Under that standard, Pickett must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes that showing, our court has the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings".  *Id.* (citation omitted).

As noted *supra*, § 922(g)(1) proscribes, *inter alia*, possession of a firearm after a felony conviction.  Pickett contends § 922(g)(1) does not pass the historical test announced by the Supreme Court in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111, 2126 (2022) (providing "government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation"), and is therefore unconstitutional.

As reflected above in the definition of a plain error, an error is not clear or obvious where an issue is disputed or unresolved, or where there is an absence of controlling authority.  *See United States v. Rodriguez-Parra*, 581 F.3d 227, 230–31 (5th Cir. 2009).  In fact, "[e]ven where the argument requires only extending authoritative precedent, the failure of the district court [to do so] cannot be plain error".  *Wallace v. Mississippi*, 43 F.4th 482, 500 (5th Cir. 2022) (citation omitted).  Because there is no binding precedent holding that § 922(g)(1) is unconstitutional and it is not clear that *Bruen* dictates such a conclusion, Pickett is unable to demonstrate the requisite clear-or-obvious error.  *See Rodriguez-Parra*, 581 F.3d at 230–31; *see also United States v. Hickcox*, No. 22-50365, 2023 WL 3075054, at *1 (5th Cir.

2023) (unpublished) (in considering constitutional challenge to § 922(g)(1) based on *Bruen*, holding no plain error because lack of binding precedent); *United States v. Avila*, No. 22-50088, 2022 WL 17832287, at *1–2 (5th Cir. 2022) (unpublished) (same for challenge to § 922(n)).

AFFIRMED.