# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 12, 2023

Lyle W. Cayce
Clerk

————————

No. 22-20300
Summary Calendar

————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Demarcus Shon Johnson,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CR-238-1

———————————————————————

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:*

Demarcus Shon Johnson was convicted after a jury trial of possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court sentenced him to 50 months of imprisonment and two years of supervised release.

———————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Johnson appeals the district court's denial of the motion to suppress the firearm that was found during a search of the vehicle he had been driving. We review the district court's factual findings, including its credibility determinations, for clear error and its legal conclusions de novo. *United States v. Bass*, 996 F.3d 729, 736 (5th Cir. 2021). "A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole." *Id.* (internal quotation marks and citation omitted). "Where a district court's denial of a suppression motion is based on live oral testimony, the clearly erroneous standard is particularly strong because the judge had the opportunity to observe the demeanor of the witnesses." *Id.* at 736-37 (internal quotation marks and citation omitted). Moreover, we view the evidence in the light most favorable to the prevailing party, which is the Government in this case. *See id.* at 737.

A warrantless search of an automobile is permitted by the Fourth Amendment if the police officers have probable cause to believe that the vehicle contains contraband. *United States v. Fields*, 456 F.3d 519, 523 (5th Cir. 2006). In addition, where probable cause justifies the search of the vehicle, "it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *California v. Acevedo*, 500 U.S. 565, 570 (1991) (internal quotation marks and citation omitted). Given that a police officer testified that he smelled marijuana coming from the vehicle and that he observed an empty firearm holster in the vehicle, the officers had probable cause to search the vehicle. *See United States v. Ibarra-Sanchez*, 199 F.3d 753, 760 (5th Cir. 1999); *United States v. McSween*, 53 F.3d 684, 686 (5th Cir. 1995).

Johnson also contends that § 922(g)(1) violates the Second Amendment. Because Johnson did not make this argument in district court, we review only for plain error. *See United States v. Knowles*, 29 F.3d 947, 950 (5th Cir. 1994). To show plain error, Johnson must show a forfeited error

No. 22-20300

that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

In particular, Johnson asserts that the Supreme Court's recent decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), suggests that § 922(g)(1) is unconstitutional. An error is not clear or obvious where an issue is disputed or unresolved, or where there is an absence of controlling authority. *United States v. Rodriguez-Parra*, 581 F.3d 227, 230-31 (5th Cir. 2009). In fact, "[e]ven where the argument requires only extending authoritative precedent, the failure of the district court [to do so] cannot be plain error." *Wallace v. Mississippi*, 43 F.4th 482, 500 (5th Cir. 2022) (internal quotation marks and citation omitted). Because there is no binding precedent explicitly holding that § 922(g)(1) is unconstitutional and because it is not clear that *Bruen* dictates such a result, Johnson is unable to demonstrate an error that is clear or obvious. *See Rodriguez-Parra*, 581 F.3d at 230-31.

The judgment of the district court is AFFIRMED.