# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 8, 2023

Lyle W. Cayce
Clerk

————————

No. 22-10795

————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Shaquille Dewayne Smith,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:22-CR-18-1

———————————————————————

Before Jones, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Shaquille Dewayne Smith ("Smith") appeals his guilty plea conviction and sentence for possession of a firearm by a felon. *See* 18 U.S.C. § 922(g)(1). Because he fails to demonstrate that his guilty plea was invalid or that § 922(g)(1) is unconstitutional, we AFFIRM.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-10795

## I.   FACTUAL & PROCEDURAL BACKGROUND

In 2016, Smith was sentenced to five years in prison after pleading guilty in state court to two felony offenses: (1) evading arrest in a motor vehicle[1], and (2) taking a weapon from a peace officer.[2] In 2022, a few months before completing parole for both convictions, Smith was stopped by police officers for a traffic violation. During the stop, officers saw a firearm on the passenger's seat and arrested and charged Smith for being a felon in possession of a firearm. *See id.* Subsequently, a grand jury indicted Smith as charged.

Pursuant to a written plea agreement, Smith pleaded guilty to possession of a firearm by a felon, in violation of § 922(g)(1). As part of the plea agreement, Smith waived his right to appeal or collaterally challenge his conviction or sentence, with the exception of a sentence imposed in excess of the statutory maximum or resulting from an arithmetic error. He further waived his right to challenge the voluntariness of his plea or waiver, or to bring claims of ineffective assistance of counsel. The district court accepted the plea agreement, and sentenced Smith to 60 months of imprisonment, followed by a one-year term of supervised release. Smith timely appealed.

## II.   STANDARD OF REVIEW

Because Smith did not raise a constitutional challenge, or otherwise object to his conviction and sentence before the district court, we review for plain error. "Plain error is clear or obvious error that affects substantial rights of the defendant and seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Sanchez*, 325 F.3d 600,

---

[1] *See* Tex. Penal Code Ann. § 38.04.

[2] *See* Tex. Penal Code Ann. § 38.14.

No. 22-10795

603 (5th Cir. 2003) (internal quotation marks omitted). To demonstrate plain error, Smith must show that: (1) an error occurred, (2) the error is clear and obvious, and (3) the error affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). Upon making such a showing, this court has the discretion to remedy the error only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *United States v. Atkinson*, 297 U.S. 157, 160 (1936). Where an issue is disputed or unresolved, or where there is an absence of controlling authority, there can be no clear or obvious error. *United States v. Rodriguez-Parra*, 581 F.3d 227, 230–31 (5th Cir. 2009).

## III.    DISCUSSION

On appeal, Smith advances two primary arguments to support his position that his guilty plea conviction is invalid. First, he argues that the facts to which he pleaded were insufficient to show the requisite interstate nexus. He further asserts that § 922(g) is unconstitutional because it does not have a substantial effect on interstate commerce and thus exceeds Congress's authority under the Commerce Clause. Second, Smith argues that the Supreme Court's recent decision in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022), supports a finding that § 922(g)(1) infringes upon his Second Amendment right to bear arms and is, therefore, unconstitutional. We are unpersuaded by either argument.

*A. § 922(g)(1) and the Commerce Clause*

As a preliminary matter, Smith rightly concedes that his first argument is foreclosed by Fifth Circuit precedent. *United States v. Alcantar*, 733 F.3d 143, 145 (5th Cir. 2013) (concluding that this court is bound by prior precedent establishing that § 922(g)(1) is a valid exercise of Congress's authority under the Commerce Clause). For this reason, we reject his nexus

3

No. 22-10795

and Commerce Clause arguments as meritless and do not discuss them further herein.

### B. Enforcement of the Appellate Waiver

Smith next argues that the Supreme Court's decision in *Bruen* supports his assertion that § 922(g)(1) is unconstitutional because it encroaches on an individual's right to bear arms as guaranteed by the Second Amendment. The Government argues that Smith's plain-error challenge to the constitutionality of § 922(g)(1) is waived by the terms of his appeal waiver in his plea agreement. Although the Government advances a compelling argument regarding the applicability of Smith's appeal waiver, we nevertheless elect to evaluate his argument on the merits. *See United States v. Douglas*, No. 22-10385, 2023 WL 2264199 (5th Cir. Feb. 28, 2023).

### C. § 922(g)(1) and the Second Amendment Right to Bear Arms

Recall that to establish plain error, Smith must show a forfeited error that is clear or obvious and that affected his substantial rights. *Puckett*, 556 U.S. at 135. This court then has the discretion, not the obligation, to correct the error, but "only if the error 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)). An error is not clear or obvious where an issue is disputed or unresolved, or where there is an absence of controlling authority. *Rodriguez-Parra*, 581 F.3d at 230–31.

In *Bruen*, the Supreme Court found that the State of New York's public-carry licensing regime was unconstitutional because New York issued licenses "only when an applicant demonstrate[d] a special need for self-defense," thus preventing law-abiding citizens with ordinary self-defense needs from exercising their Second Amendment right to bear arms. *Bruen*, 142 S. Ct. at 2122. Prior to the Court's issuance of *Bruen*, this court and our sister circuits employed "a 'two-step' framework for analyzing Second

Amendment challenges that combine[d] history with means-end scrutiny." *Bruen*, 142 S. Ct. at 2125. Under this framework, we first determined whether the challenged law impinged upon a right protected by the Second Amendment. *Hollis v. Lynch*, 827 F.3d 436, 446 (5th Cir. 2016). If not, the law passed constitutional muster. *Id.* at 446–47. But if it did, we moved on to the second step which was to determine "whether to apply intermediate or strict scrutiny to the law, and then to determine whether the law survived the proper level of scrutiny." *Id.* at 447.

In *Bruen*, the Court declined to adopt this two-step framework, instead opting to establish a new test for assessing the constitutionality of a statute under the Second Amendment. *Bruen*, 142 S. Ct. at 2125–26, 2129–30. "When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The [G]overnment must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 2129-30. Only if the Government meets its burden "may a court conclude that the individual's conduct falls outside the Second Amendment's 'unqualified command.'" *Id.* at 2130 (internal citation omitted).

Prior to *Bruen*, this court routinely rejected Second Amendment challenges to § 922(g)(1). *See, e.g.*, *United States v. Darrington*, 351 F.3d 632, 633–34 (5th Cir. 2003); *United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001); *United States v. Ybarra,* 70 F.3d 362, 364 (5th Cir. 1995). We recently stated on de novo review, however, that "*Bruen* clearly fundamentally change[d] our analysis of laws that implicate the Second Amendment" and rendered our previously adopted two-step framework precedent "obsolete." *United States v. Rahimi*, 61 F.4th 443, 450–61 (5th Cir.), *cert. granted*, 143 S.Ct. 2688 (2023) (citation omitted) (internal quotation marks omitted). Our reasoning in *Rahimi* demonstrated our analytical shift after the *Bruen* decision. Relying on the *Bruen* framework, we held in *Rahimi* that §

922(g)(8), which bans the possession of a firearm by a person subject to a domestic violence restraining order, was unconstitutional. *Id.* at 450–51.

Here, Smith argues that *Bruen* supports his assertion that Congress exceeded its powers by enacting § 922(g)(1), thus rendering it unconstitutional under the Second Amendment. He further contends that the district court's failure to advise him on § 922(g)(1)'s unconstitutional infringement constituted reversible error. Nevertheless, he concedes in his reply brief on appeal that he cannot show clear or obvious error at this time. We agree.

Post *Bruen*, the Eighth Circuit recently concluded that § 922(g)(1) remains constitutional when applied to convicted felons. *United States v. Jackson*, 69 F.4th 495, 502 (8th Cir. 2023). Likewise, this court recently held in an unpublished opinion that, in the absence of binding precedent post-*Bruen*—§ 922(n)'s prohibition of the possession of firearms while under indictment—"is not consonant with a finding of plain error." *United States v. Avila*, No. 22-50088, 2022 WL 17832287, at *2 (5th Cir. Dec. 21, 2022) (per curiam). Moreover, in another unpublished opinion, a panel of this court observed that "there is no binding precedent explicitly holding that § 922(g)(1) is unconstitutional on its face." *United States v. Garza*, 22-51021, 2023 WL 4044442, at *1 (5th Cir. June 15, 2023) (per curiam).

Consequently, given the lack of binding authority deeming § 922(g)(1) unconstitutional, Smith cannot demonstrate an error that is clear or obvious. *Rodriguez-Parra*, 581 F.3d at 230–31. Accordingly, we hold that the district court did not plainly err by accepting Smith's guilty plea.

## IV.   CONCLUSION

For the foregoing reasons, the district court's judgment is AFFIRMED.