# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 14, 2023

Lyle W. Cayce
Clerk

———————

No. 22-10409

———————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DEVONTAE NYKEL RACLIFF,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CR-417-1

———————————————————————

Before JONES, STEWART, and DUNCAN, *Circuit Judges*.

PER CURIAM:[*]

Devontae Nykel Racliff pleaded guilty to possession of a firearm after a felony conviction, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court sentenced him to 51 months of imprisonment and three years of supervised release. Racliff argues that § 922(g)(1) is unconstitutional and that the district court erred in enhancing his base

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

offense level based upon its conclusion that his prior conviction for Texas robbery constituted a crime of violence.

Because Racliff did not challenge the constitutionality of § 922(g)(1) before the district court, we review only for plain error. *See United States v. Knowles*, 29 F.3d 947, 950 (5th Cir. 1994). Racliff must therefore show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

First, Racliff argues that § 922(g)(1) is unconstitutional because it exceeds Congress's power under the Commerce Clause. This argument is foreclosed. *See United States v. De Leon*, 170 F.3d 494, 499 (5th Cir. 1999); *see also United States v. Perryman*, 965 F.3d 424, 426 (5th Cir. 2020).

Second, Racliff asserts that the Supreme Court's recent decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022), suggests that § 922(g)(1) is unconstitutional under the Second Amendment. An error is not clear or obvious where an issue is disputed or unresolved, or where there is an absence of controlling authority. *United States v. Rodriguez-Parra*, 581 F.3d 227, 230-31 (5th Cir. 2009). In fact, "[e]ven where the argument requires only extending authoritative precedent, the failure of the district court [to do so] cannot be plain error." *Wallace v. Mississippi*, 43 F.4th 482, 500 (5th Cir. 2022) (internal quotation marks and citation omitted). Because there is no binding precedent explicitly holding that § 922(g)(1) is unconstitutional and because it is not clear that *Bruen* dictates such a result, Racliff is unable to demonstrate an error that is clear or obvious. *See Rodriguez-Parra*, 581 F.3d at 230-31; *see also United States v. Avila*, No. 22-50088, 2022 WL 17832287, at *2 (5th Cir. Dec. 21, 2022).

Lastly, Racliff argues that the district court erred by assigning an enhanced base offense level under U.S.S.G. § 2K2.1(a)(4)(A), as his Texas robbery conviction did not constitute a "crime of violence" per U.S.S.G. § 4B1.2(a).  This court recently reaffirmed that Texas robbery is the equivalent of the enumerated offense of robbery under § 4B1.2 and that it is therefore a crime of violence for purposes of § 2K2.1(a)(4)(A). *United States v. Adair*, 16 F. 4th 469, 470-71 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 1215 (2022).  Thus, Racliff's argument on this point is foreclosed.

AFFIRMED.