# United States Court of Appeals
# for the Fifth Circuit

———————

No. 23-10145

———————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ERIC MICHAEL LUJAN,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:22-CR-71-1

———————————————————————

United States Court of Appeals
Fifth Circuit
**FILED**
November 27, 2023

Lyle W. Cayce
Clerk

Before ELROD, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Eric Michael Lujan appeals his 120-month sentence for possession of a firearm after a felony conviction. We affirm.

## I.

On May 27, 2022—three days after the horrific massacre at Robb Elementary School in Uvalde, Texas—bystanders in Amarillo, Texas, reported a man with a firearm walking near a daycare and asking about the

———————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

number of children inside.  When Amarillo Police Department officers arrived at the scene, they did not find the suspect, but found a backpack containing an AR-style semi-automatic rifle with a loaded magazine holding 21 rounds.  Shortly thereafter, the officers identified Lujan as the suspect, and he was arrested near the scene and charged with the unlawful carrying of a weapon in a prohibited place.

Lujan had previously been convicted of at least two felony crimes of violence:  aggravated assault in 2009, carrying a sentence of five years deferred probation that was eventually revoked; and aggravated assault with a deadly weapon in 2011, with a five-year sentence.  Accordingly, Lujan was indicted in June 2022 on one count of possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924 (a)(2).  He pled guilty in September 2022, and the district court later accepted his guilty plea.

The presentence report ("PSR") assessed a base offense level of 26 because Lujan's offense involved a "semiautomatic firearm that is capable of accepting a large capacity magazine" and based on Lujan's prior convictions. *See* U.S.S.G. § 2K2.1(a)(1).  Adjusting downward for Lujan's acceptance of responsibility, Lujan's total offense level was 23, and carried a potential imprisonment range of 70 to 87 months.  Lujan did not object to the PSR.

At sentencing, the district court considered an upward variance based on the factors contained in 18 U.S.C. § 3553(a).  Lujan's counsel argued for a within-guidelines sentence, stating that in 2017, Lujan was robbed and shot nine times, exacerbating his pre-existing mental health issues and causing Lujan to suffer post-traumatic stress disorder.  Lujan's counsel contended that Lujan would not have committed the instant offense but for his mental health issues.  The district court acknowledged Lujan's mental health issues, but nonetheless concluded that a 120-month sentence was warranted based on Lujan's violent criminal history, the seriousness of the instant offense, and

the need to protect the public.  The court then imposed that sentence, and further stated there was no indication that Lujan was eligible for a diminished capacity downward departure under U.S.S.G. § 5K2.13.

Lujan appeals, raising three issues:  (1) his sentence is procedurally and substantively unreasonable because it fails to account for Lujan's mental health issues; (2) his guilty plea is invalid, and 18 U.S.C. § 922(g)(1) unconstitutionally infringes upon Lujan's Second Amendment rights; and (3) in Texas, convictions for aggravated assault and aggravated assault with a deadly weapon do not qualify as "crimes of violence" for sentence-enhancement purposes.

## II.

Lujan's procedural unreasonableness, plea invalidity, and sentence-enhancement arguments are either unpreserved or presented for the first time on appeal and are thus reviewed only for plain error.  To prevail, Lujan must demonstrate a forfeited error that is clear or obvious and that affected his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes that showing, this court has the discretion to correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

Lujan's substantive unreasonableness argument was preserved and is thus reviewed for abuse of discretion.  *See United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015).  This review is highly deferential to the district court because that court is in a better position to find facts and weigh their importance with respect to a defendant.  *Id.*

## III.

We turn first to Lujan's contention that his sentence was procedurally and substantively unreasonable.  His challenges fall short.

We undertake a two-step process in reviewing a criminal sentence, in accordance with *Gall v. United States*, 552 U.S. 38, 51 (2007). At step one, we consider whether the district court committed a "significant procedural error," such as "failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51. If a significant procedural error was committed, we must remand for resentencing "unless the proponent of the sentence establishes that the error 'did not affect the district court's selection of the sentence imposed.'" *United States v. Delgado-Martinez*, 564 F.3d 750, 753 (5th Cir. 2009) (quoting *Williams v. United States*, 503 U.S. 193, 203 (1992)). If there was no significant procedural error, we continue to the second step and "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall*, 552 U.S. at 51.

## A.

Lujan asserts that his sentence is procedurally unreasonable because the district court failed to consider his mental health history as a mitigating factor that weighed against an upward variance and failed to explain why it rejected his arguments for a lower sentence based on his mental health. This contention misses the mark. The district court considered several § 3553(a) factors individually, and specifically noted Lujan's mental health history in the context of weighing the sentencing factors. This was not procedural error.

Lujan further argues the district court erroneously believed that his mental health could not be a mitigating factor under § 3553(a) because he was ineligible for an adjustment under U.S.S.G. § 5K2.13, which provides for a downward departure if "the defendant committed the offense while suffering from a significantly reduced mental capacity" and "the significantly reduced mental capacity contributed substantially to the commission of the offense." Again, we discern no procedural error. The district court first noted Lujan's

mental health history in the context of its discussion of the § 3553(a) factors; the court only mentioned § 5K2.13 *after* Lujan's counsel stated that Lujan would not have committed the offense but for his mental health.

Finally, in any event, Lujan has failed to demonstrate that any error affected his substantial rights by showing that "but for the district court's error, [he] would have received a lower sentence." *United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010) (citation omitted). In imposing Lujan's 120-month sentence, the district court stated that it was particularly "focused on the persistent and consistent violence" reflected in Lujan's history and characteristics as well as the need to protect the public from his further crimes. Lujan's violent criminal history included several assault convictions beginning in 2008. Moreover, all but one of those convictions preceded the 2017 shooting incident, which Lujan's counsel contended exacerbated his mental health problems. Considering Lujan's violent criminal history and the district court's concern for protecting the public, the district court properly weighed the § 3553(a) factors and determined the 120-month sentence was appropriate.

## B.

Lujan's substantive reasonableness challenge similarly fails. Lujan argues that the district court failed to account for a factor that should have received significant weight: his mental health. Lujan also contends that his sentence represents a clear error of judgment in balancing § 3553(a)'s sentencing factors. But after hearing Lujan's mental health argument at sentencing, the district court stated it would "give it appropriate weight," and the court implicitly concluded that other sentencing factors—Lujan's violent criminal history and the need to protect the public—warranted an upward variance of 33 months above the 70- to 87-month guidelines range. At bottom, Lujan disagrees with how the district court balanced the

sentencing factors. But this court will not reweigh them. *See Gall*, 552 U.S. at 51. And we have regularly affirmed significantly greater variances than the 33-month upward variance at issue in this case. *See, e.g.*, *United States v. Saldana*, 427 F.3d 298, 315–16 (5th Cir. 2005) (50-month departure above the four- to ten-month guidelines range). Given the deference owed to the district court's sentencing decision, Lujan has failed to show the court abused its discretion in finding that the § 3553(a) factors justified a 120-month sentence. *See Diehl*, 775 F.3d at 724.

## IV.

As to the validity of his guilty plea, Lujan first argues that § 922(g)(1) is unconstitutional because it exceeds Congress's power under the Commerce Clause. Lujan concedes this argument is foreclosed, so we reject it as meritless. *See, e.g.*, *United States v. Perryman*, 965 F.3d 424, 426 (5th Cir. 2020); *United States v. De Leon*, 170 F.3d 494, 499 (5th Cir. 1999); *see also United States v. Smith*, No. 22-10795, 2023 WL 5814936, at \*2 (5th Cir. Sept. 8, 2023) (unpublished).

Second, Lujan asserts that the Supreme Court's recent decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022), suggests that § 922(g)(1) is unconstitutional under the Second Amendment. But it is well established that an error is not clear or obvious when an issue is unresolved, or when there is an absence of controlling authority. *United States v. Rodriguez-Parra*, 581 F.3d 227, 230–31 (5th Cir. 2009). Even when, as here, "the argument requires only extending authoritative precedent, the failure of the district court [to do so] cannot be plain error." *Wallace v. Mississippi*, 43 F.4th 482, 500 (5th Cir. 2022) (internal quotation marks and citation omitted). Because there is no binding precedent holding § 922(g)(1) unconstitutional and because it is not clear that *Bruen* dictates such a result, Lujan's challenge fails. *See Rodriguez-Parra*, 581 F.3d at 230-

31; *see also United States v. Racliff*, No. 22-10409, 2023 WL 5972049, at *1 (5th Cir. Sept. 14, 2023) (unpublished).

## V.

Finally, Lujan asserts that his prior Texas convictions for aggravated assault and aggravated assault with a deadly weapon do not qualify as "crimes of violence" under U.S.S.G. § 4B1.2(a) for purposes of applying the sentencing enhancement under U.S.S.G. § 2K2.1. Specifically, he contends that the Texas aggravated assault statute, TEX. PENAL CODE § 22.02, is broader than the enumerated offense of aggravated assault under § 4B1.2(a)(2). Lujan correctly acknowledges that his argument is foreclosed by *United States v. Guillen-Alvarez*, 489 F.3d 197, 200–01 (5th Cir. 2007), so we reject it as meritless.

AFFIRMED.