# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 11, 2023

Lyle W. Cayce
Clerk

No. 22-51043

―――――――――――

United States of America,

*Plaintiff—Appellee*,

*versus*

Paul Luna,

*Defendant—Appellant*.

―――――――――――――――――――――――――

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:22-CR-142-1

―――――――――――――――――――――――――

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Paul Luna appeals his conviction for possession of a firearm by a convicted felon. We affirm.

Prior to the instant offense, Luna had been previously convicted for, *inter alia*, felony drug possession, theft, aggravated assault family violence with a deadly weapon, evading arrest, attempted injury to a child, and being a felon in possession of a firearm. When he was arrested on an outstanding

―――――――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-51043

warrant for aggravated assault with a deadly weapon in Austin, Texas, on May 25, 2022, Luna had in his possession a loaded Glock pistol, methamphetamine, heroin, and $730 in cash.  Following this arrest, Luna pled guilty to possession of a firearm by a felon, and the district court ultimately sentenced him to 96 months' imprisonment.

Luna now appeals, raising two issues:  (1) 18 U.S.C. § 922(g)(1) unconstitutionally infringes upon his Second Amendment rights; and (2) § 922(g)(1) exceeds Congress's powers under the Commerce Clause. Both arguments, as Luna concedes, are raised for the first time on appeal. Thus, our review is only for plain error.  *See, e.g.*, *United States v. Ramirez*, 37 F.4th 233, 235 (5th Cir. 2022) (citation omitted).  To prevail under this standard, Luna must demonstrate a forfeited error that is clear or obvious and that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes that showing, this court has the discretion to correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Turning to Luna's first contention, Luna asserts that the Supreme Court's recent decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022),  renders § 922(g)(1) unconstitutional under the Second Amendment.  But it is well established that an error cannot be clear or obvious when an issue is unresolved, or when there is an absence of controlling authority. *United States v. Rodriguez-Parra*, 581 F.3d 227, 231 (5th Cir. 2009).  Because there is no binding precedent holding § 922(g)(1) unconstitutional and because it is not clear that *Bruen* dictates that result, Luna's challenge fails. *See United States v. Sanches*, 86 F.4th 680, 687 (5th Cir. 2023); *see also United States v. McGavitt*, 28 F.4th 571, 577 (5th Cir. 2022); *Rodriguez-Parra*, 581 F.3d at 231.

No. 22-51043

Luna next argues that § 922(g)(1) is unconstitutional because it exceeds Congress's power under the Commerce Clause. Luna correctly concedes this argument is foreclosed, so we reject it as meritless. *See, e.g.*, *United States v. Perryman*, 965 F.3d 424, 426 (5th Cir. 2020); *United States v. De Leon*, 170 F.3d 494, 499 (5th Cir. 1999); *see also United States v. Smith*, No. 22-10795, 2023 WL 5814936, at *2 (5th Cir. Sept. 8, 2023) (unpublished).

AFFIRMED.