# United States Court of Appeals
# for the Fifth Circuit

_____

No. 22-50848
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
January 12, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Pedro Saenz-Nolan,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:22-CR-45-1

_____

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Pedro Saenz-Nolan pled guilty to possessing a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to 120 months imprisonment and three years of supervised release. Saenz-Nolan now appeals his guilty plea conviction. We AFFIRM.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50848

Saenz-Nolan raises two arguments challenging the constitutionality of Section 922(g)(1). He concedes not having raised these arguments below and that plain error review applies. *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Plain error requires the district court's error be "clear or obvious" and affect the defendant's substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If the defendant makes such a showing, we may exercise our discretion to remedy the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (quotation marks and citations omitted).

Saenz-Nolan argues Section 922(g)(1) is unconstitutional because it exceeds the scope of Congress's powers under the Commerce Clause. This argument is foreclosed by circuit precedent. *See United States v. Alcantar*, 733 F.3d 143, 145–46 (5th Cir. 2013).

Saenz-Nolan also challenges the constitutionality of Section 922(g)(1) under the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). Under the *Bruen* test, "when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. . . . the government must [then] demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.* at 17. Saenz-Nolan argues that Section 922(g)(1) fails this test.

This court has not determined whether Section 922(g)(1) is constitutional under *Bruen*. Even so, an error is not clear or obvious where an issue is disputed or unresolved, or where there is an absence of controlling authority. *See United States v. Rodriguez-Parra*, 581 F.3d 227, 230–31 (5th Cir. 2009). Indeed, "a lack of binding authority is often dispositive in the plain error context." *United States v. McGavitt*, 28 F.4th 571, 577 (5th Cir. 2022) (citation omitted). "[E]ven where an argument merely requires extending

No. 22-50848

existing precedent, the district court's failure to do so cannot be plain error." *Id.* (citation omitted). Accordingly, Saenz-Nolan cannot succeed in showing that his guilty plea conviction was a clear or obvious error. *Rodriguez-Parra*, 581 F.3d at 230–31.

    AFFIRMED.