# United States Court of Appeals for the Fifth Circuit

———————

**No. 23-10389**
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
December 14, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TODD ANDRE WHITFIELD,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CR-209-1

———————————————————

Before JONES, SMITH, and DENNIS, *Circuit Judges*.

PER CURIAM:[*]

Defendant-Appellant Todd Andre Whitfield pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced Whitfield to 100 months in prison—a four-month variance above the guidelines range—to be followed

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

by three years of supervised release. Whitfield timely appealed, challenging his conviction and sentence.

Whitfield first challenges his conviction, arguing § 922(g)(1) is unconstitutional under both the Commerce Clause and the Second Amendment. As Whitfield concedes, because he did not raise these claims below, we review for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To succeed on plain error, Whitfield has the burden of showing four requirements are met: (1) "there must be an error or defect . . . that has not been intentionally relinquished or abandoned"; (2) "the legal error must be clear or obvious, rather than subject to reasonable dispute"; (3) "the error must have affected the appellant's substantial rights"; and (4) "if the above three prongs are satisfied, the court of appeals has the *discretion* to remedy the error—discretion which ought to be exercised only if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (second alteration in original) (citing and quoting *United States v. Olano*, 507 U.S. 725, 731–34, 736 (1993)).

Whitfield first argues that Congress's ability to legislate under the Commerce Clause requires more than merely that the firearm previously traveled at some time in interstate commerce—which is all his factual basis provides regarding interstate commerce—but as Whitfield concedes, this argument is foreclosed. *See, e.g.*, *United States v. Rawls*, 85 F.3d 240, 242 (5th Cir. 1996); *United States v. Perryman*, 965 F.3d 424, 426 (5th Cir. 2020).

Whitfield next argues § 922(g)(1) violates the Second Amendment after the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022). In *Bruen*, the Supreme Court held that "the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home," and concluded that New York's public-carry licensing regime was unconstitutional because New York issued

licenses "only when an applicant demonstrate[d] a special need for self-defense." *Id.* at 2122. The Court set forth a new test for assessing the constitutionality of a statute under the Second Amendment. *See id.* at 2125–26, 2129–30. "When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 2129–30.

We have not yet addressed the impact of *Bruen* on § 922(g)(1), and the two circuits to have done so have reached different results. *Compare Compare Range v. Att'y Gen.*, 69 F.4th 96, 98, 103–04 (3d. Cir. 2023) (en banc), *with United States v. Jackson*, 69 F.4th 495, 501–02 (8th Cir. 2023), *and United States v. Cunningham*, 70 F.4th 502, 506 (8th Cir. 2023). An error is not clear or obvious if "this circuit's law remains unsettled and the other federal circuits have reached divergent conclusions." *United States v. Salinas*, 480 F.3d 750, 759 (5th Cir. 2007). A "lack of binding authority is often dispositive in the plain error context." *United States v. McGavitt*, 28 F.4th 571, 577 (5th Cir. 2022) (quoting *United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015)). "Even where the argument requires only extending authoritative precedent, the failure of the district court [to do so] cannot be plain error." *Wallace v. Mississippi*, 43 F.4th 482, 500 (5th Cir. 2022) (quoting *United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009)). Because there is no binding precedent holding that § 922(g)(1) is unconstitutional and because it is not clear that *Bruen* dictates such a result, Whitfield is unable to demonstrate an error that is clear or obvious. *See, e.g., United States v. EtchisonBrown*, No. 22-10892, 2023 WL 7381451, at *2–3 (5th Cir. Nov. 7, 2023) (unpublished); *United States v. Racliff*, No. 22-10409, 2023 WL 5972049, at *1 (5th Cir. Sept. 14, 2023) (unpublished); *United States v. Smith*, No. 22-10795, 2023 WL 5814936, at *1 (5th Cir. Sept. 8, 2023)

(unpublished); *United States v. Hickcox*, No. 22-50365, 2023 WL 3075054, at *1 (5th Cir. Apr. 25, 2023) (unpublished).

Finally, Whitfield challenges the substantive reasonableness of his sentence, which he argues failed to give appropriate weight to his mental health conditions. Because Whitfield argued for a lesser sentence in the district court, he preserved this issue for appeal, and we review the substantive reasonableness of his sentence for an abuse of discretion. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766–67 (2020); *United States v. Diehl*, 775 F.3d 714, 723 (5th Cir. 2015). A non-Guidelines sentence unreasonably fails to reflect the statutory sentencing factors set forth in 18 U.S.C. § 3553(a) when it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Diehl*, 775 F.3d at 724 (quoting *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006)). "The farther a sentence varies from the applicable Guidelines sentence, the more compelling the justification based on factors in section 3553(a) must be." *Id.* (quoting *Smith*, 440 F.3d at 707). Our "review for substantive reasonableness is 'highly deferential,' because the sentencing court is in a better position to find facts and judge their import under the § 3553(a) factors with respect to a particular defendant." *Diehl*, 775 F.3d at 724 (quoting *United States v. Hernandez*, 633 F.3d 370, 375 (5th Cir. 2011)).

At sentencing, the district court heard from counsel about Whitfield's mental health, and the court noted Whitfield's "background" may have played a part in his criminal activity. But, ultimately, the district court noted Whitfield's lengthy criminal history, including several violent offenses, and concluded the need to deter unlawful conduct and promote respect for the law warranted a small upward variance. The record reflects the district court appropriately considered and balanced the § 3553(a) factors, and considering

the deference owed to the district court, we cannot say such a small upward variance was substantively unreasonable in light of the district court's findings. *See Smith*, 440 F.3d at 709–10.

The judgement of the district court is AFFIRMED.