# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10755

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

JAMES DAVID PERRYMAN,

> Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

July 14, 2020

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Texas

Before SMITH, HIGGINSON, and ENGELHARDT, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:

James David Perryman pleaded guilty to possession of a firearm by a convicted felon. The district court sentenced him to 110 months of imprisonment. He appeals, arguing that the district court erred by accepting a constitutionally inadequate factual resume and applying a guideline enhancement for obstruction of justice. We AFFIRM.

I

On December 29, 2018, agents with the Bureau of Alcohol, Tobacco, Firearms, and Explosives observed a Facebook conversation between Perryman and another individual in which Perryman sent a photograph of a pistol with a visible serial number.

No. 19-10755

On January 17, 2019, Texas police pulled Perryman over in Lubbock, Texas for an expired vehicle registration. Perryman was arrested for driving without a driver's license. During an inventory search of the vehicle, officers found a loaded pistol with a serial number matching the pistol in the Facebook post.

On March 20, 2019, Perryman pleaded guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). A probation officer prepared a presentence investigation report ("PSR") on May 17, 2019. It calculated Perryman's base offense level as 20 and recommended a three-level reduction for acceptance of responsibility. It also calculated Perryman's criminal history category as V, resulting in a guideline imprisonment range of 46 to 57 months.

On May 22, 2019, Perryman testified as a witness for the defense in the trial of *United States v. Sean Paul Dalka*, 5:19-CR-027-02-C. The same district judge who presided over Perryman's criminal proceedings also presided over Dalka's trial. Dalka was charged with firearm and controlled substance offenses, and Perryman testified that certain firearms and methamphetamine found at Dalka's residence belonged to him rather than to Dalka. He testified that he received the firearms in exchange for methamphetamine that he was dealing, and he stored those firearms, along with methamphetamine, at Dalka's residence, which he and other drug dealers used as a stash house. Perryman testified that he carried a pistol—presumably the one at issue in this case—with him for protection when he dealt drugs.

On June 7, 2019, the government filed objections to the PSR based on Perryman's testimony at Dalka's trial. The government claimed that Perryman

obstructed justice and demonstrated a lack of acceptance of responsibility[1] by providing perjured testimony and that Perryman provided evidence that he possessed the pistol in connection with another felony offense—drug trafficking.

On June 14, 2019, the probation officer filed an addendum to the PSR, "concur[ring]" with the government's objection, summarizing the evidence from Dalka's trial supporting a finding of perjury, and updating the relevant offense levels. The new guideline imprisonment range was 110 to 120 months, capped by the ten-year statutory maximum.

On June 26, 2019, Perryman filed a response to the government's objection and an objection to the PSR addendum. In his own words, "Perryman want[ed] the court to know that he testified truthfully at the trial of Sean Dalka." Perryman noted that his testimony was not contradicted by the testimony of other witnesses, was against the "strongly worded advice of his attorney," was based on his "strong feeling that Dalka should not be held responsible for Perryman's drugs and guns," and was "contrary to his penal interests, as well as contrary to his interest as a gang member."

At the sentencing hearing on June 28, 2019, Perryman reiterated his argument that he had not perjured himself at Dalka's trial. He agreed that the four-level enhancement for using or possessing a firearm in connection with another felony was appropriate, but he argued that he should not receive an

---

[1] Comment note four to U.S.S.G. § 3E1.1, the acceptance of responsibility guideline, instructs that conduct resulting in an obstruction of justice enhancement under § 3C1.1 "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." U.S.S.G. § 3E1.1 cmt. n.4. Perryman notes that the same finding of perjury supported the obstruction of justice guideline enhancement and the denial of a guideline reduction for acceptance of responsibility. But Perryman does not appeal the denial of a guideline reduction for acceptance of responsibility, and he does not contend that this case involves exceptional circumstances justifying application of both an enhancement under § 3E1.1 and a reduction under § 3C1.1.

No. 19-10755

enhancement for obstruction of justice and he should receive a reduction for acceptance of responsibility. The district court sustained the government's objection to the PSR, adopted the PSR and PSR addendum, and sentenced Perryman to 110 months of imprisonment. Perryman filed a timely notice of appeal on July 3, 2019.

II

First, Perryman argues that the district court erred by accepting a constitutionally inadequate factual resume. According to Perryman, 18 U.S.C. § 922(g)(1) "exceeds the power of the federal government" because in *National Federation of Independent Business v. Sebelius*, 567 U.S. 519 (2012), the Supreme Court clarified that Congress can only regulate a person's activity under the Commerce Clause if that person is *currently* engaged in *activity* affecting the relevant market, and § 922(g)(1) criminalizes all firearms possession without reference to recent economic activity by the defendant.

In *Scarborough v. United States*, 431 U.S. 563 (1977), the Supreme Court interpreted 18 U.S.C. § 922(g)(1) to require only that a firearm traveled in interstate commerce at some previous time. *Id.* at 575. In *United States v. Alcantar*, 733 F.3d 143 (5th Cir. 2013), we held that 18 U.S.C. § 922(g)(1) remains constitutional following *Sebelius*. *Id.* at 145–46. Therefore, as Perryman acknowledges, this argument is foreclosed under our caselaw.

III

Next, Perryman argues that the district court erred by applying a guideline enhancement for obstruction of justice based on its finding that he gave false testimony at Dalka's trial. According to Perryman, the district court merely adopted the PSR addendum, which in turn adopted the government's objection to the PSR without independent review. The government's objection included only (1) a transcript of Perryman's testimony and (2) the government's unsworn description of other, allegedly conflicting evidence presented at

4

Dalka's trial. Because the government's unsworn assertions do not constitute evidence and Perryman's testimony without comparison to any contradictory evidence is insufficient to support a perjury finding, Perryman argues that the district court committed clear error by finding that he perjured himself at Dalka's trial.

Generally, we review the district court's interpretation and application of the guidelines de novo and its "factual findings, such as a finding of obstruction of justice, for clear error." *United States v. Huerta*, 182 F.3d 361, 364 (5th Cir. 1999). However, if the defendant did not preserve his or her specific objection by raising it before the district court, we review only for plain error. *See id.* at 366. The parties disagree about whether Perryman adequately preserved his challenge to the obstruction of justice enhancement. Because we find no error under either standard of review, we need not resolve this dispute.

At the sentencing hearing, the district court adopted the PSR and PSR addendum. PSRs generally "bear[] sufficient indicia of reliability to be considered as evidence by the sentencing judge in making factual determinations." *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (quoting *United States v. Nava*, 624 F.3d 226, 231 (5th Cir. 2010)). A district court "may adopt the facts contained in a [PSR] without further inquiry if those facts have an adequate evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information in the PSR is unreliable." *Id.* (quoting *United States v. Trujillo*, 502 F.3d 353, 357 (5th Cir. 2007)).

We have previously found that "[t]estimony under oath observed by the district court" bears sufficient indicia of reliability to support its probable accuracy. *United States v. Leonard*, 61 F.3d 1181, 1184 (5th Cir. 1995). Therefore, the district court had no need to rely on the government's unsworn assertions, as Perryman alleges. Instead, the district court could—and did—

properly adopt the PSR addendum's recommendation as to the enhancement based on the summary of the evidence from Dalka's trial contained in the PSR addendum. Because Perryman does not argue that the evidence from Dalka's trial, summarized in the PSR addendum, is insufficient to support a finding of perjury, we find no error.[2]

\*\*\*

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

[2] Importantly, Perryman does not argue that his alleged perjury does not constitute a willful obstruction of justice "with respect to . . . *the instant offense of conviction.*" *See* U.S.S.G. § 3C1.1 (emphasis added). Perryman waived review of this issue by not raising it before the district court or briefing it on appeal. *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) ("We will not raise and discuss legal issues [the parties have] failed to assert."). Therefore, we only note that, to our knowledge, we have not upheld application of the obstruction of justice enhancement based on the defendant's perjury at the trial of a non-codefendant, and this opinion should not be read to express any opinion on the appropriateness of such an application.