# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 19, 2021

Lyle W. Cayce
Clerk

No. 20-11110
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOHNNY JASPER WILLIAMS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:19-CR-22-1

Before KING, SMITH, and WILSON, *Circuit Judges*.

PER CURIAM:*

Johnny Williams appeals his conviction and sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Williams brings two issues on appeal, both of which he acknowledges are foreclosed. First, he posits that Texas robbery-by-injury is not a crime of violence under

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-11110

U.S.S.G. §§ 2K2.1 and 4B1.2 because it does not involve the use of physical force against the person of another and because it does not meet the generic definition of robbery.  Next, Williams maintains that § 922(g)(1) is an unconstitutional exercise of power under the Commerce Clause and, alternatively, that it should be construed to require either relatively recent movement of a firearm across state lines or movement in commerce as a consequence of the defendant's conduct.

The government has filed an unopposed motion for summary affirmance.  In the alternative, the government requests an extension of time to file its brief.

Both Texas "robbery-by-injury" and Texas "robbery-by-threat" are violent felonies under the Armed Career Criminal Act ("ACCA").  *United States v. Burris*, 920 F.3d 942, 948 (5th Cir. 2019), *petition for cert. filed* (U.S. Oct. 3, 2019) (No. 19-6186).  We have routinely applied our holdings under the ACCA to analyze the definition of crimes of violence under § 4B1.2.  *See Burris*, 920 F.3d at 948 n.33 (citing cases).  Moreover, we have "consistently upheld the constitutionality" of § 922(g)(1), which is "a valid exercise of Congress's authority under the Commerce Clause."  *United States v. Alcantar*, 733 F.3d 143, 145 (5th Cir. 2013).  Finally, in *Scarborough v. United States*, 431 U.S. 563, 575 (1977), the Court interpreted § 922(g)(1) "to require only that a firearm traveled in interstate commerce at some previous time."  *United States v. Perryman*, 965 F.3d 424, 426 (5th Cir. 2020), *cert. denied*, 2021 WL 1520860 (U.S. Apr. 19, 2021) (No. 20-6640).

Because the government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the motion for summary affirmance is GRANTED, the alternative motion for an extension of time is DENIED, and the judgment is AFFIRMED.