# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 21, 2022

Lyle W. Cayce
Clerk

No. 21-11211
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

EDDIE DEWAYNE THOMAS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CR-46-1

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

Eddie Dewayne Thomas appeals his conviction and sentence for possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(9). He contends for the first time on appeal that § 922(g) is an unconstitutional exercise of power under the Commerce Clause and,

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-11211

alternatively, that it should be construed to require either recent movement of a firearm across state lines or movement in commerce as a consequence of the defendant's conduct. Thomas acknowledges these arguments to be foreclosed but explains that he seeks to preserve them for further review. The Government has filed an unopposed motion for summary affirmance or, in the alternative, an extension of time to file its brief.

As Thomas concedes, his arguments are foreclosed. *See United States v. Perryman*, 965 F.3d 424, 426 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 2524 (2021); *United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013). The Government is thus correct that summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the district court's judgment is AFFIRMED.