# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 25, 2022

Lyle W. Cayce
Clerk

No. 22-10059
Summary Calendar

─────────

United States of America,

*Plaintiff—Appellee*,

*versus*

Tommy Allen Dickenson,

*Defendant—Appellant*.

─────────

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:21-CR-60-1

─────────

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Tommy Allen Dickenson appeals his guilty plea conviction and sentence for possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g). He contends for the first time on appeal that Section 922(g) is an unconstitutional exercise of power under the Commerce Clause and,

─────────

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-10059

alternatively, that it should be construed to require either recent movement of a firearm across state lines or movement in commerce as a consequence of the defendant's conduct. Dickenson acknowledges that these arguments are foreclosed, but he explains that he seeks to preserve them for further review. The Government has filed an unopposed motion for summary affirmance or, in the alternative, an extension of time to file its brief.

As Dickenson concedes, his arguments are foreclosed. *See United States v. Perryman*, 965 F.3d 424, 426 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 2524 (2021). The Government is thus correct that summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the district court's judgment is AFFIRMED.