# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 25, 2022

Lyle W. Cayce
Clerk

No. 21-11016
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DEMON REESE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CR-282-1

Before WIENER, ELROD, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Demon Reese appeals his conviction of possession of a firearm by a convicted felon and the resulting 94-month, within-guidelines term of imprisonment. He first argues that the district court clearly erred when it found that he used or possessed the firearm in connection with an aggravated

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-11016

assault, which resulted in the use of U.S.S.G. § 2A2.2 to calculate his base offense level and the assessment of a six-level, official victim enhancement under U.S.S.G. § 3A1.2(c)(1). He contends that, when viewed as a whole, the evidence shows it is implausible that he fired the gun at Officer Tristan Robertson.

We review the district court's application of the Sentencing Guidelines de novo and its "factual findings—along with the reasonable inferences drawn from those facts—for clear error." *United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013). "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole." *Id.* (internal quotation marks omitted). This court defers "to the credibility determinations of the district court." *United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008). In addition, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Harris*, 740 F.3d 956, 967 (5th Cir. 2014) (internal quotation marks omitted).

In light of the record viewed in its entirety, and affording deference to the district court's credibility determinations as to Officer Robertson, the finding that Reese pointed his gun and fired at the officer is plausible. *See Alcantar*, 733 F.3d at 146. Officer Robertson stated multiple times throughout the sentencing hearing that he saw Reese point the firearm at him and fire the weapon. Likewise, Officer Robertson's affidavits concerning the incident both state that Reese pointed a handgun at the officer and fired. Furthermore, the firearms analysis report confirmed that Reese's firearm was mechanically functional and would not fire without the trigger being pulled. Accordingly, the district court did not clearly err. *See id.*

Reese contends for the first time on appeal that 18 U.S.C. § 922(g) is an unconstitutional exercise of power under the Commerce Clause and,

No. 21-11016

alternatively, that it should be construed to require either recent movement of a firearm across state lines or movement in commerce as a consequence of the defendant's conduct. As Reese concedes, however, his arguments are foreclosed. *See Alcantar*, 733 F.3d at 145–46; *see also United States v. Perryman*, 965 F.3d 424, 426 (5th Cir. 2020).

The judgment of the district court is accordingly AFFIRMED.