# United States Court of Appeals
# for the Fifth Circuit

No. 22-50247
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 21, 2022

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

David Alvarado-Rios,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-997-2

Before Smith, Dennis, and Southwick, *Circuit Judges*.

Per Curiam:*

David Alvarado-Rios appeals the 57-month within-guidelines sentence for transporting illegal aliens. He asserts that the district court erred by refusing to apply a downward adjustment for acceptance of responsibility. He also contends that the sentence is substantively unreasonable.

The guidelines provide for a two-level decrease in the offense level if

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

the defendant "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). "If a defendant enters a guilty plea prior to trial, truthfully admits the conduct comprising the offense, and admits, or at least does not falsely deny, any additional relevant conduct for which he is accountable, the court may find significant evidence of the defendant's acceptance of responsibility." *United States v. Medina Anicacio*, 325 F.3d 638, 648 (5th Cir. 2003); *see* § 3E1.1, comment. (n.3). "Conduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." § 3E1.1, comment. (n.4). We review the sentencing court's determination of acceptance of responsibility with even more deference than is due under a clearly-erroneous standard because the sentencing judge is in a unique position to assess acceptance of responsibility and true remorse. *United States v. Angeles Mendoza*, 407 F.3d 742, 752 53 (5th Cir. 2005); § 3E1.1, comment. (n.5).

In *United States v. Perryman*, where the defendant perjured himself when testifying at a codefendant's trial, we affirmed both the district court's obstruction-of-justice enhancement and its denial of an acceptance-of-responsibility adjustment. 965 F.3d 424, 425–27 (5th Cir. 2020). Alvarado-Rios has not shown that the district court erred in denying a reduction for acceptance of responsibility.

After *United States v. Booker*, 543 U.S. 220 (2005), we review sentences for reasonableness. *Gall v. United States*, 552 U.S. 38, 46 (2007). We first examine whether the district court committed any significant procedural error. *Id.* at 51. If the decision is procedurally sound, we will then typically consider substantive reasonableness under an abuse-of-discretion standard. *Id.*; *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009). Alvarado-Rios's within-guidelines sentence is entitled to a presumption of

No. 22-50247

reasonableness. *See United States v. Rashad*, 687 F.3d 637, 644 (5th Cir. 2012). Alvarado-Rios's general disagreement with the propriety of his sentence and with the district court's weighing of the 18 U.S.C. § 3553(a) factors does not rebut that presumption. *See United States v. Rita*, 551 F.3d 338, 3602 (2007).

Consequently, the judgment is AFFIRMED.