# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-30088
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
December 13, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> *Plaintiff—Appellee*,

*versus*

ANTHONY SUBER,

> *Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:22-CR-20-1

_____

Before HIGGINBOTHAM, STEWART, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:[*]

Anthony Suber appeals the 51-month sentence imposed following his guilty-plea conviction of causing bodily injury by assaulting, resisting, or impeding certain officers or employees. Specifically, Suber challenges the

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.4.

No. 23-30088

six-level enhancement under U.S.S.G. § 3A1.2(c)(2) for assaulting a prison official while in custody.

We review the district court's interpretation and application of the guidelines *de novo* and its factual findings for clear error. *See United States v. Perryman*, 965 F.3d 424, 426 (5th Cir. 2020). "A factual finding is not clearly erroneous as long as it is plausible in light of the record read as a whole." *United States v. Sanders*, 942 F.2d 894, 897 (5th Cir. 1991).

Suber contends that, because he was blinded and disoriented by pepper spray, he neither knew nor had reasonable cause to believe that any victim of his assault was a prison official as Section 3A1.2(c)(2) requires. The record shows that officers orally ordered Suber to stop fighting with his cellmate, deployed pepper spray, and then opened the cell door, after which Suber crawled or rolled out of the cell and bit two officers while they tried to restrain him. The district court's finding that the enhancement was warranted is plausible in light of the record as a whole.

AFFIRMED.