# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 9, 2024

Lyle W. Cayce
Clerk

No. 23-20352
Summary Calendar

—————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Timothy Burks,

*Defendant—Appellant*.

—————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CR-549-1

—————————————————

Before Willett, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:*

Timothy Burks appeals his guilty plea conviction for possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). Burks concedes that he did not preserve his arguments on appeal, so we review them for plain error only. *See United States v. Howard*, 766 F.3d 414, 419 (5th Cir. 2014).

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-20352

Burks first argues that § 922(g)(1) violates the Second Amendment under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). But in a recently published opinion, we held that § 922(g)(1) is not clearly or obviously unconstitutional under *Bruen. United States v. Jones*, 88 F.4th 571 (5th Cir. 2023) (per curiam).

Burks also argues that § 922(g)(1) is unconstitutional as applied to him because he was convicted without "proof that [he] had traveled in interstate commerce to bring the firearm to Texas" or that he "had purchased the firearm from any vendor participating in interstate commerce." The factual basis alleged that the firearm "was manufactured in Massachusetts and therefore traveled in interstate commerce." Burks contends that this interstate nexus is insufficient to satisfy the interstate commerce element of § 922(g). However, he concedes that this issue is foreclosed. *United States v. Perryman*, 965 F.3d 424, 426 (5th Cir. 2020); *Scarborough v. United States*, 431 U.S. 563, 575 (1977).

Accordingly, Burks cannot demonstrate plain error.

The judgment is AFFIRMED.