# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-30147
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
February 14, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Bobby Joe Mincey,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:21-CR-118-1

_____

Before Willett, Duncan, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

A jury convicted Bobby Joe Mincey of aggravated sexual abuse under 18 U.S.C. § 2241(c). He received a within-guidelines sentence of 600 months in prison to be followed by a 10-year term of supervised release. Mincey timely appealed.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30147

The jury trial took place approximately three years after the last incident of abuse alleged by Mincey's victim. His victim testified that, on more than one occasion during the pertinent time period, Mincey engaged in prohibited sexual acts with her. When she could not recall all the events that occurred on the final day of abuse, the district court allowed the Government to play the audio portion of a video recording made of the victim during a forensic interview that took place within a week of the last instance of abuse. That audio recording described the last instance of abuse in great detail. Although, at the time of trial, the victim did not remember taking part in the forensic interview, and she did not recall the last instance of abuse even after listening to the audio recording, the victim averred that she had been asked to tell the truth during the interview and had done so.

Mincey objected to the admission of the audio recording as a recorded recollection under Federal Rule of Evidence 803(5). The parties disagree whether his objections were sufficient to preserve his appellate arguments that the recording was not adopted or verified by the witness or anyone else at the time of the recording, that it does not accurately reflect the witness's knowledge, and that it lacks sufficient indicia of reliability. If properly preserved, Mincey's arguments would be reviewed for an abuse of discretion subject to the harmless-error doctrine. *See Adams v. Mem'l Hermann*, 973 F.3d 343, 351 (5th Cir. 2020). If unpreserved, the arguments would be subject to the plain-error standard. *United States v. Warren*, 986 F.3d 557, 565 (5th Cir. 2021). Under either standard, Mincey must demonstrate an error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *Adams*, 973 F.3d at 351; *Williams v. Manitowoc Cranes, L.L.C.*, 898 F.3d 607, 626 (5th Cir. 2018). It is unnecessary for us to decide whether the victim's prior recorded statement was inadmissible under Rule 803(5) because, given the other overwhelming evidence of Mincey's guilt, admission of the statement was harmless. *See Adams*, 973 F.3d at 351; *Holmes*

No. 23-30147

*v. J. Ray McDermott & Co.*, 734 F.2d 1110, 1114 (5th Cir. 1984), *overruled on other grounds by Guevara v. Mar. Overseas Corp.*, 59 F.3d 1496 (5th Cir. 1995); *United States v. Judon*, 567 F.2d 1289, 1294-95 (5th Cir. 1978).

Relatedly, Mincey argues that the admission of the audio recording of the victim's forensic interview violated his right to confront and cross-examine her on the details of events that she did not recall at the time of trial. The parties also disagree whether this argument was properly preserved. We need not decide the appropriate standard of review because we conclude there was no error under either standard. *See United States v. Perryman*, 965 F.3d 424, 427 (5th Cir. 2020). The admission of the recorded recollection did not violate the Confrontation Clause because the declarant who made the statements in the recorded recollection appeared as a witness at trial and was cross-examined by defense counsel. *See Crawford v. Washington*, 541 U.S. 36, 53-54 (2004); *United States v. Meyer*, 63 F.4th 1024, 1042 (5th Cir.), *cert. denied*, 144 S. Ct. 312 (2023).

AFFIRMED.