# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-10647
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
March 1, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

XAVIER ANDREW FREEMAN,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:22-CR-121-1

_____

Before JOLLY, HIGGINSON, and DUNCAN, *Circuit Judges*.

PER CURIAM:[*]

Xavier Andrew Freeman appeals his conviction and 84-month sentence for being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(9). He contends for the first time on appeal that (1) § 922(g)(1) violates the Second Amendment, in light of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 17 (2022) and (2) § 922(g) is

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

unconstitutional on its face because it exceeds Congress's authority under the Commerce Clause. Freeman concedes that his Commerce Clause argument is foreclosed, but he wishes to preserve it for further review. The Government has filed an unopposed motion for summary affirmance or, in the alternative, for an extension of time to file its brief.

Freeman did not raise these issues in district court; therefore, review is for plain error only. *See United States v. Howard*, 766 F.3d 414, 419 (5th Cir. 2014). To demonstrate plain error, he must show a clear or obvious error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Freeman challenges the constitutionality of § 922(g)(1) only and does not discuss or even mention his actual statute of conviction, § 922(g)(9). Freeman's counseled brief is not entitled to liberal construction. *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986). Thus, as the Government contends, Freeman has waived any challenge to his conviction because he does not brief any relevant issues. *See United States v. Whitfield*, 590 F.3d 325, 346 (5th Cir. 2009) ("A party waives any challenge that it fails to brief on appeal."); *see also* Fed. R. App. P. 28 (listing requirements of appellant's brief).

Also, as Freeman correctly concedes, prior precedent forecloses his argument that § 922(g) violates the Commerce Clause. *See United States v. Perryman*, 965 F.3d 424, 426 (5th Cir. 2020); *United States v. Alcantar,* 733 F.3d 143, 145-46 (5th Cir. 2013) .

Because the Government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), summary affirmance is proper. Accordingly, the motion for summary affirmance is GRANTED, and the judgment of the district court is

No. 23-10647

AFFIRMED. The Government's alternative motion for an extension of time is DENIED.