# United States Court of Appeals for the Fifth Circuit

_____

No. 23-10791
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
March 13, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Angel Jesus Paniagua,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CR-165-1

_____

Before Wiener, Stewart, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Angel Jesus Paniagua appeals his guilty plea conviction and sentence for possession of a firearm by a felon. He first argues that 18 U.S.C. § 922(g)(1) is unconstitutional under Second Amendment in view of *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). As Paniagua

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

concedes, review is for plain error because he did not raise the issue in the district court. *See United States v. Howard*, 766 F.3d 414, 419 (5th Cir. 2014).

To prevail on plain error review, Paniagua must show a clear or obvious error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes this showing, this court has the discretion to correct the forfeited error, which "ought to be exercised only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted). Paniagua's argument is foreclosed by *United States v. Jones*, 88 F.4th 571, 573–74 (5th Cir. 2023), *petition for cert. filed*, (U.S. Feb. 13, 2024) (No. 23-6769).

Next, Paniagua asserts that § 922(g)(1) exceeds the power of Congress under the Commerce Clause. Because Paniagua preserved this argument in the district court, we review that legal question de novo and the district court's factual findings for clear error. *United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013). He correctly concedes that this argument is foreclosed. *See Jones*, 88 F.4th at 573; *United States v. Perryman*, 965 F.3d 424, 426 (5th Cir. 2020). Further, he contends that § 922(g)(1) should be construed to require a closer connection to interstate commerce than alleged or admitted in his case; however, he also concedes this argument is foreclosed. *See Scarborough v. United States*, 431 U.S. 563, 577 (1963); *see also Perryman*, 965 F.3d at 426.

Finally, Paniagua contends the district court erred in imposing a two-level enhancement under U.S.S.G. § 2K2.1(b)(1)(A) based on its finding that he possessed at least three firearms. He acknowledges the district court did not err in finding that he possessed the Smith and Wesson pistol and the Glock pistol. However, he asserts there was not sufficient evidence to

support the district court's finding that he possessed at least one additional firearm.

A commonsense, fact-specific approach supports the conclusion that Paniagua had possession of at least one additional firearm. *See United States v. Meza*, 701 F.3d 411, 419 (5th Cir. 2012); *United States v. Mergerson*, 4 F.3d 337, 349 (5th Cir. 1993). When agents executed the search warrant for Paniagua's residence, they found four firearms that were not in a locked secure location, including a Smith and Wesson pistol in Paniagua's bedroom, a Glock pistol and the AM-15 rifle in another bedroom, and a HiPoint .40-caliber firearm in a third bedroom. Paniagua's brother took ownership of some of the firearms and stated Paniagua would borrow them. Paniagua also posted on social media photographs of himself holding the Smith and Wesson pistol, several Glock pistols, and other different caliber firearms. Because the district court's finding that he possessed at least three firearms is plausible in view of the record as a whole, the district court did not clearly err in imposing the two-level enhancement under § 2K2.1(b)(1)(A). *See Alcantar*, 733 F.3d at 146.

AFFIRMED.