# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-50653
CONSOLIDATED WITH
No. 23-50656

————————

United States Court of Appeals
Fifth Circuit

**FILED**

April 16, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TRAVIS WAYNE LOVINGS,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC Nos. 7:20-CR-199-1, 7:23-CR-27-1

————————————————————

Before HIGGINSON, HO, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

Travis Wayne Lovings challenges his guilty-plea conviction and sentence for possession of a firearm by a convicted felon.[1] He argues that 18 U.S.C. § 922(g)(1) is unconstitutional because it violates the Second

———————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

[1] Lovings's supervised release for an earlier conviction was revoked at the same time. As he does not challenge on appeal the revocation or sentence imposed, any such challenge is abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Amendment in view of *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). As Lovings concedes, because he did not raise this issue in the district court, review is for plain error only. *See United States v. Jones*, 88 F.4th 571, 572 (5th Cir. 2023) (per curiam), *cert. denied*, No. 23-6769, 2024 WL 1143799 (U.S. Mar. 18, 2024). He also argues that § 922(g)(1) is unconstitutional because it exceeds the power of Congress under the Commerce Clause or, in the alternative, that the statute should be construed to require a closer connection to interstate commerce than alleged or admitted in this case. However, as he correctly concedes, this argument is foreclosed. *See Jones*, 88 F.4th at 573; *United States v. Perryman*, 965 F.3d 424, 426 (5th Cir. 2020).

The Government has filed an opposed motion for summary affirmance based on *Jones*, asserting that Lovings's plain-error challenges to the constitutionality of § 922(g)(1) based on *Bruen* and under the Commerce Clause are foreclosed by binding precedent. Lovings responded that summary affirmance is not appropriate because *Jones* did not explicitly state that the issue of whether § 922(g)(1) violated the Second Amendment in light of *Bruen* was foreclosed on plain-error review, merely that any error was not plain given the unsettled law and lack of binding precedent.

Summary affirmance is appropriate if "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). In *Jones*, we considered whether § 922(g)(1) violated the Second Amendment in light of *Bruen* and concluded Jones had "failed to demonstrate that the district court's application of § 922(g)(1) constitutes plain error." *Jones*, 88 F.4th at 574; *see id.* at 572-74. Lovings's argument is foreclosed by *Jones*, and his refusal to concede the point does not preclude summary affirmance. *See, e.g., Groendyke Transp.*,

23-50653
c/w No. 23-50656

406 F.2d at 1160 n.2 (summarily disposing of the case despite "strenuous" opposition).

Accordingly, the motion for summary affirmance is GRANTED, and the judgments of the district court are AFFIRMED. The Government's alternative motion to view sealed documents and for an extension of time is DENIED.