# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-50472
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

April 24, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TERRY DAN RATLIFF,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:23-CR-11-1

———————————————————————

Before HIGGINBOTHAM, STEWART, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:[*]

For the first time on appeal, Terry Dan Ratliff challenges the constitutionality of the statute of his conviction, 18 U.S.C. § 922(g)(1). He contends that the statute violates the Second Amendment in light of *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), and that it exceeds Congress's power under the Commerce Clause. The Government has filed

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.4.

an opposed motion for summary affirmance or, in the alternative, an extension of time to file its brief.

As Ratliff acknowledges, this court applies plain-error review to constitutional challenges raised for the first time on appeal. *See United States v. Jones*, 88 F.4th 571, 572 (5th Cir. 2023), *cert. denied*, No. 23-6769 (U.S. Mar. 18, 2024), 2024 WL 1143799. Recently, we rejected a plain-error challenge to the constitutionality of Section 922(g)(1) under the Second Amendment, holding that the appellant could not demonstrate a plain error in light of the lack of binding precedent on point and the divergent decisions reached by other circuit courts on the same issue. *Id.* at 573–74. Thus, the Government's position that Ratliff cannot demonstrate a plain error on this basis is "clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," meaning that summary affirmance is appropriate. *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Further, Ratliff acknowledges that his challenge to the constitutionality of Section 922(g)(1) under the Commerce Clause is foreclosed. *See United States v. Alcantar*, 733 F.3d 143, 145–46 (5th Cir. 2013); *see also United States v. Perryman*, 965 F.3d 424, 426 (5th Cir. 2020). Thus, summary affirmance is warranted on this issue as well.

Given the foregoing, the Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The Government's alternative motion for an extension of time is DENIED as moot.