# United States Court of Appeals for the Fifth Circuit

———————————

No. 23-20411
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

May 8, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Justin Levar Taylor,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CR-589-1

———————————————————————

Before Jolly, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Justin Levar Taylor appeals his guilty plea conviction and sentence for possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1). He argues that § 922(g)(1) violates the Second Amendment in light of *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), and exceeds the power of Congress under the Commerce Clause. As Taylor concedes, because he

————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

did not raise his issues in the district court, review is for plain error only. *See United States v. Howard*, 766 F.3d 414, 419 (5th Cir. 2014).

The Government has filed an opposed motion for summary affirmance or, in the alternative, for an extension of time to file its brief. As the Government argues, Taylor's unpreserved, *Bruen*-based argument is foreclosed by our opinion in *United States v. Jones*, 88 F.4th 571, 573-74 (5th Cir. 2023), *cert. denied*, 2024 WL 1143799 (U.S. March 18, 2024) (No. 23-6769). In *Jones*, 88 F.4th at 573-74, we rejected a similar plain-error challenge to the constitutionality of § 922(g)(1) under the Second Amendment, reasoning that any error was not clear or obvious due to the lack of binding precedent and the divergent decisions reached by other circuit courts. Therefore, the Government "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," and summary judgment is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Further, as Taylor acknowledges, his challenge to the constitutionality of § 922(g)(1) under the Commerce Clause is foreclosed. *See United States v. Alcantar*, 733 F.3d 143, 145-56 (5th Cir. 2013); *United States v. Perryman*, 965 F.3d 424, 426 (5th Cir. 2020). Accordingly, summary affirmance is also warranted on this issue.

For the foregoing reasons, the motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The Government's alternative motion for an extension of time is DENIED.