# United States Court of Appeals
# for the Fifth Circuit

―――――――――

No. 23-11016
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**
June 18, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Adam Sanchez,

*Defendant—Appellant*.

―――――――――――――――――――――――

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:23-CR-30-1

―――――――――――――――――――――――

Before Higginbotham, Elrod, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Adam Sanchez appeals his conviction and above-Guidelines sentence for possessing a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1).

As he properly concedes, our precedent forecloses his argument that Section 922(g)(1) violates the Commerce Clause. *See United States v.*

―――――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.4.

*Perryman*, 965 F.3d 424, 426 (5th Cir. 2020). Likewise, Fifth Circuit precedent also forecloses his unpreserved argument that Section 922(g)(1) violates the Second Amendment. *See United States v. Jones*, 88 F.4th 571, 573–74 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 1081 (2024).

We review his preserved challenge to the substantive reasonableness of his sentence for an abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Here, the district court considered Sanchez's arguments regarding mitigating factors. It determined an upward variance was nonetheless justified based on the seriousness of the offense, his risk of recidivism, and his history of domestic violence. The extent of the variance is also well within the range of other upward variances this court has affirmed. *See, e.g.*, *United States v. Key*, 599 F.3d 469, 475–76 (5th Cir. 2010). Moreover, the cases Sanchez cites in support of his challenge to the extent of the variance are distinguishable, as those cases concerned unusual circumstances not present here. The district court did not abuse its discretion in imposing Sanchez's sentence, as it reasonably reflected the 18 U.S.C. § 3553(a) factors and did not represent a clear error of judgment in balancing the factors. *See Gall*, 552 U.S. at 51; *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015).

Finally, we decline Sanchez's request to remand for correction of a clerical error in the Statement of Reasons. The district court's judgment is AFFIRMED.