# United States Court of Appeals for the Fifth Circuit

———————

No. 24-10080
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

February 27, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

FLAVIO CHARLES PATINO,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:23-CR-40-1

———————————————————

Before GRAVES, WILLETT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Flavio Charles Patino appeals his conviction for possession of a firearm by a felon. *See* 18 U.S.C. § 922(g)(1). He contends that § 922(g)(1) violates the Second Amendment in light of *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022), and that § 922(g)(1) exceeds Congress's power to regulate felon gun possession under the Commerce

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-10080

Clause per *National Federation of Independent Business v. Sebelius*, 567 U.S. 519, 529 (2012). The Government has filed an unopposed motion for summary affirmance, arguing that Patino's arguments are foreclosed by our precedent. In the alternative, the Government moves for an extension of time to file a merits brief.

As Patino concedes, his Second Amendment challenge to § 922(g)(1) is foreclosed. *See United States v. Diaz*, 116 F.4th 458, 471–72 (5th Cir. 2024). Patino also concedes that his Commerce Clause challenge is foreclosed. *See, e.g.*, *United States v. Alcantar*, 733 F.3d 143, 145 (5th Cir. 2013) (holding § 922(g)(1) is "a valid exercise of Congress's authority under the Commerce Clause"); *United States v. Perryman*, 965 F.3d 424, 426 (5th Cir. 2020) (same); *United States v. Leal*, No. 22-10098, 2022 WL 4298116, at *1 (5th Cir. Sept. 16, 2022) (same).

Accordingly, the Government's motion for summary affirmance is GRANTED. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). The Government's alternative motion for an extension of time is DENIED. The judgment is AFFIRMED.