# United States Court of Appeals
# for the Fifth Circuit

———————

No. 24-10735
Summary Calendar

———————

United States of America,

Plaintiff—Appellee,

versus

Dwayne Lamonica Ford,

Defendant—Appellant.

———————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CR-62-1

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
April 1, 2025

Lyle W. Cayce
Clerk

Before King, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Dwayne Lamonica Ford pleaded guilty to possession of a firearm after felony conviction, and he was sentenced to 10 months of imprisonment. He now raises three challenges to 18 U.S.C. § 922(g)(1). First, for the first time on appeal, he asserts that the district court erred by accepting his guilty plea because the jurisdictional element of § 922(g)(1) requires more than past

———————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10735

interstate travel at an indeterminate time. Second, he renews his assertion that the statute exceeds Congress's authority under the Commerce Clause. Finally, he renews his argument that § 922(g)(1) is facially unconstitutional under the Second Amendment based on *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). The Government has moved without opposition for summary affirmance or, alternatively, for an extension of time to file its brief.

Ford correctly concedes that his arguments are foreclosed. *See United States v. Perryman*, 965 F.3d 424, 426 (5th Cir. 2020); *United States v. Diaz*, 116 F.4th 458, 471-42 (5th Cir. 2024), *petition for cert. filed* (U.S. Feb. 24, 2025) (24-6625). Because the Government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," summary affirmance is appropriate. *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The Government's alternative motion for an extension of time is DENIED.