# United States Court of Appeals
# for the Fifth Circuit

―――――――――

No. 24-50366
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**

May 23, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Cornell Thomas,

*Defendant—Appellant*.

――――――――――――――――――――――

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:23-CR-212-1

――――――――――――――――――――――

Before Elrod, *Chief Judge*, and Haynes, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Cornell Thomas pleaded guilty to possession of a firearm after a felony conviction, and he was sentenced to 60 months' imprisonment, followed by three years of supervised release. On appeal, he renews his arguments that 18 U.S.C. § 922(g)(1), both on its face and as applied to him, violates the Commerce Clause and the Second Amendment in light of the test set forth

――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). He further contends that the as-applied analysis outlined by this court in *United States v. Diaz*, 116 F.4th 458, 467-71 (5th Cir. 2024), *petition for cert. filed* (U.S. Feb. 18, 2025) (No. 24-6625), is wrong. The Government moves for summary affirmance or, in the alternative, for an extension of time to file its brief. Thomas does not oppose the Government's motion, conceding that his arguments are foreclosed.

Thomas's arguments are indeed foreclosed. *See United States v. Giglio*, 126 F.4th 1039, 1042-46 (5th Cir. 2025); *Diaz*, 116 F.4th at 471-72; *United States v. Perryman*, 965 F.3d 424, 426 (5th Cir. 2020); *United States v. Boche-Perez*, 755 F.3d 327, 334 (5th Cir. 2014). Because the Government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," summary affirmance is appropriate. *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The Government's alternative motion for an extension of time to file its brief is DENIED.