# United States Court of Appeals for the Fifth Circuit

———————————

No. 24-50199
Summary Calendar

———————————

United States of America, 

Plaintiff—Appellee,

*versus*

Taylor Dan Truex,

Defendant—Appellant.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:23-CR-172-1

———————————————————

United States Court of Appeals
Fifth Circuit

**FILED**

May 28, 2025

Lyle W. Cayce
Clerk

Before Jolly, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Taylor Dan Truex pleaded guilty to possessing methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a), and possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1).  He challenges only his firearm conviction, arguing, as he did in the district court, that § 922(g)(1) is unconstitutional in multiple respects.

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50199

Truex's facial challenge to § 922(g)(1) under the Second Amendment is now foreclosed, as he concedes. *See United States v. Diaz*, 116 F.4th 458, 471-72 (5th Cir. 2024), *petition for cert. filed* (U.S. Feb. 18, 2025) (No. 24-6625). Because he was on supervised release when he violated § 922(g)(1), his as-applied challenge under the Second Amendment is similarly foreclosed. *See United States v. Giglio*, 126 F.4th 1039, 1045-46 (5th Cir. 2025). For the reasons articulated in *Giglio*, we do not read *Giglio* to be in conflict with *Diaz*. *See Giglio*, 126 F.4th at 1046. Finally, we agree that Truex's Commerce Clause challenge is also foreclosed. *See United States v. Perryman*, 965 F.3d 424, 426 (5th Cir. 2020); *United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013).

AFFIRMED.