# United States Court of Appeals for the Fifth Circuit

———————————

No. 23-11242
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

October 15, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Demonya Marquise Swarn,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CR-437-1

———————————————————

Before King, Haynes, and Ho, *Circuit Judges*.

Per Curiam:[*]

Demonya Marquise Swarn was sentenced to 27 months in prison after pleading guilty to possessing a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1). On appeal, he challenges the constitutionality of § 922(g)(1) and argues the district court erred by classifying a prior

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-11242

conviction for Texas aggravated robbery as a crime of violence under the Sentencing Guidelines.

Swarn contends that § 922(g)(1) violates the Second Amendment and that, as interpreted by this court, it exceeds Congress's authority under the Commerce Clause. As he acknowledges, these arguments are foreclosed. Swarn cannot prevail on his Second Amendment challenge in view of *United States v. Diaz*, 116 F.4th 458 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 2822 (2025). *See United States v. Contreras*, 125 F.4th 725, 729 (5th Cir. 2025). His Commerce Clause challenge is likewise at odds with our precedent. *See United States v. Perryman*, 965 F.3d 424, 426 (5th Cir. 2020).

We review Swarn's sentencing claim for plain error only. *See United States v. Gomez-Valle*, 828 F.3d 324, 327-28 (5th Cir. 2016). His arguments that Texas robbery does not qualify as a crime of violence fail in light of *United States v. Wickware*, 143 F.4th 670, 674-75 (5th Cir. 2025).

Accordingly, we AFFIRM the judgment of the district court.