# United States Court of Appeals
# for the Fifth Circuit

———————

No. 25-10569
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
February 5, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee,*

*versus*

JEREMY TODD GOINES,

*Defendant—Appellant.*

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:24-CR-22-1

———————————————————

Before JONES, DUNCAN, and DOUGLAS, *Circuit Judges.*

PER CURIAM:[*]

Jeremy Todd Goines appeals his guilty plea conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), for which he was sentenced to 78 months of imprisonment. He argues that the district court plainly erred by determining that his prior Texas robbery conviction under Texas Penal Code § 29.02 constituted a crime of violence

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-10569

under the Sentencing Guidelines. He further argues that § 922(g)(1) is unconstitutional because it violates the Second Amendment and the Commerce Clause.

Because Goines did not raise his sentencing argument in the district court, review is for plain error. *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009); *Puckett v. United States*, 556 U.S. 129, 135 (2009). In *United States v. Wickware*, 143 F.4th 670 (5th Cir. 2025), *cert. denied*, 2025 WL 3260271 (U.S. Nov. 24, 2025) (No. 25-5947), this court rejected an argument that Texas robbery no longer qualified as a crime of violence after the Sentencing Commission's amendment defining the enumerated offense of robbery. However, the *Wickware* decision did not address Goines's argument that the mens rea of the Texas robbery statute is broader than that of the enumerated offense of robbery. *Id.* at 674 n.2. Goines's argument fails under plain error review because he cannot identify an error that is clear or obvious. *See United States v. Rodriguez-Parra*, 581 F.3d 227, 230-31 (5th Cir. 2009).

Goines correctly concedes that his Second Amendment challenge to § 922(g)(1) is foreclosed. *See United States v. Diaz*, 116 F.4th 458, 467-72 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 2822 (2025). He is also correct that his Commerce Clause argument is foreclosed. *See United States v. Alcantar*, 733 F.3d 143, 145 (5th Cir. 2013); *United States v. Perryman*, 965 F.3d 424, 426 (5th Cir. 2020).

AFFIRMED.