# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 1, 2026

Lyle W. Cayce
Clerk

———————

No. 25-20213
Summary Calendar

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Edwin Olivares-Calderon,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CR-82-1

———————————————————

Before Clement, Richman, and Willett, *Circuit Judges*.

Per Curiam:[*]

After a jury convicted Edwin Olivares-Calderon of illegal reentry and conspiracy to interfere with commerce by robbery, the district court sentenced him to 87 months of imprisonment. Olivares-Calderon appeals his sentence, arguing that the district court erred by assessing a two-level enhancement for his aggravating role in the offense.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-20213

The Sentencing Guidelines provide for a two-level enhancement "[i]f the defendant was an organizer, leader, manager, or supervisor" of one or more other participants in the criminal activity. U.S.S.G. § 3B1.1(c); *id.* § 3B1.1, comment. (n.2). The Guidelines instruct courts to consider various factors when deciding whether to apply this enhancement, including:

> the exercise of decision-making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

*Id.* § 3B1.1, comment. (n.4).

A district court's determination that a defendant was an organizer, leader, manager, or supervisor is a finding of fact that we review for clear error. *United States v. Ochoa-Gomez*, 777 F.3d 278, 281 (5th Cir. 2015) (per curiam). "We will find clear error only if a review of the record results in a 'definite and firm conviction that a mistake has been committed.'" *United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013) (per curiam) (quoting *United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011) (per curiam)).

Olivares-Calderon's conviction arose from his participation in a "rip crew"—a group that targets and steals from other criminals—that planned to steal money and drugs from a tire shop. At trial, a confidential informant testified that he knew Olivares-Calderon as "Mariposa" and that the tire shop robbery was "Mariposa's job" because he found and organized it. Another confidential informant likewise testified that it was "Mariposa's job" and that he organized it, "was having other people participate," and would keep more of the money than the other crew members. A detective

No. 25-20213

familiar with the rip crew testified that Olivares-Calderon was the boss or second in command of the crew.

Based on this trial testimony, it is at least plausible that Olivares-Calderon exercised decision-making authority, recruited accomplices, planned and organized the robbery, and intended to keep a larger share of the money than the other crew members. Thus, it was not clearly erroneous for the district court to determine that he played an aggravating role in the offense. *See Ochoa-Gomez*, 777 F.3d at 282 ("A factual finding that is plausible based on the record as a whole is not clearly erroneous.").

Olivares-Calderon argues that the confidential informants' testimony consisted of "[v]ague, second-hand statements and general impressions," and the detective's testimony was merely a "generalized opinion, untethered to concrete evidence," so the record does not support a § 3B1.1 enhancement. But, at sentencing, "a district court may base its findings on 'any information that has sufficient indicia of reliability to support its probable accuracy.'" *Id.* (quoting *United States v. Valdez*, 453 F.3d 252, 267 (5th Cir. 2006)). Here, the district judge relied on sworn testimony from a trial over which he presided, and this court has "previously found that '[t]estimony under oath observed by the district court' bears sufficient indicia of reliability to support its probable accuracy." *United States v. Perryman*, 965 F.3d 424, 427 (5th Cir. 2020) (alteration in original) (quoting *United States v. Leonard*, 61 F.3d 1181, 1184 (5th Cir. 1995)).

After reviewing the record as a whole, we hold that the district court did not clearly err by applying a two-level enhancement under § 3B1.1(c).

We AFFIRM.