# United States Court of Appeals
# for the Fifth Circuit

―――――――――

No. 23-10503
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**

May 22, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DONALD DAVIS GIPSON,

*Defendant—Appellant*.

―――――――――――――――――――――

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CR-367-1

―――――――――――――――――――――

Before WIENER, STEWART, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Donald Davis Gipson appeals his conviction and sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  He presents four arguments on appeal.  First, he argues that § 922(g)(1) should be construed as requiring more than a showing that the firearm he possessed traveled in interstate commerce and, alternatively, if the

―――――――――――――――――

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

fact of interstate travel is sufficient, § 922(g)(1) is unconstitutional because it exceeds Congress's enumerated powers to regulate interstate commerce. Second, he argues that § 922(g)(1) is unconstitutional because it violates the Second Amendment in light of the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). Third, he argues the district court violated his due process rights and Federal Rule of Criminal Procedure 11 when it accepted his plea. Additionally, Gipson argues that the district court erred when it denied his three-level acceptance of responsibility offense level reduction. *See* U.S.S.G. § 3E1.1. The district court denied his acceptance of responsibility reduction after determining that his objections regarding the applicability of U.S.S.G. § 2K2.1(b)(6)(B) frivolously denied relevant conduct.

Regarding Gipson's Commerce Clause arguments, we review his statutory challenge for plain error because he did not present this argument to the district court. To demonstrate plain error, Gipson must show that (1) there is an error, (2) the error is clear or obvious, rather than subject to reasonable dispute, and (3) the error affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes this showing, we will exercise our discretion to correct the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks, brackets, and citation omitted). As for his constitutional challenge, review is de novo because he presented his argument to the district court. *See United States v. Bailey*, 115 F.3d 1222, 1225 (5th Cir. 1997).

Circuit precedent forecloses his argument that past movement of a firearm in interstate commerce is insufficient. *See United States v. Rawls*, 85 F.3d 240, 242–43 (5th Cir. 1996). Furthermore, we have consistently upheld the constitutionality of § 922(g)(1) as "a valid exercise of Congress's authority under the Commerce Clause." *United States v. Alcantar*, 733 F.3d

143, 145–46 (5th Cir. 2013); *see also United States v. Perryman*, 965 F.3d 424, 426 (5th Cir. 2020). Accordingly, these arguments are foreclosed.

We review Gipson's *Bruen* argument for plain error because he did not preserve the issue. *See Puckett*, 556 U.S. at 135. We recently rejected a plain-error *Bruen* challenge to § 922(g)(1). *See United States v. Jones*, 88 F.4th 571 (5th Cir. 2023), *cert. denied*, 2024 WL 1143799 (U.S. Mar. 18, 2024) (No. 23-6769). Gipson's challenge is likewise unavailing. *See id.* at 573-74. Additionally, Gipson argues that, in light of his challenges to § 922(g)(1), the district court misadvised him of the nature of his offense and erroneously accepted the factual basis for his guilty plea, in violation of his due process rights and Federal Rules of Criminal Procedure 11(b)(1)(G), 11(b)(3). Given our disposition of Gipson's underlying arguments, it follows that the district court committed no error.

Lastly, Gipson preserved his argument that the district court erred when it denied his offense level reduction for acceptance of responsibility. When error is preserved, we review the district court's denial of an offense level reduction for acceptance of responsibility using "a standard even more deferential than a purely clearly erroneous standard." *United States v. Washington*, 340 F.3d 222, 227 (5th Cir. 2003) (internal quotation marks and citation omitted). Under that standard, the district court's denial "should not be disturbed unless it is without foundation." *Id.* (internal quotation marks and citation omitted).

Here, the district court's decision was not without foundation as the record directly contradicted Gipson's assertions that the Government failed to establish that a hand-to-hand drug transaction occurred, that the item found in his hand by police was crack cocaine, or that he possessed a firearm during the drug transaction. Accordingly, the district court's denial was not without foundation, and thus it should not be disturbed. *See id.*

No. 23-10503

The district court's judgment is AFFIRMED.